## HENRY v. METROPOLITAN LIFE INS. CO.

### Nos. 69–71.

District Court, W. D. Virginia, at Harrisonburg.

Nov. 16, 1942.

Weaver, Armstrong & Marshall, of Front Royal, Va., and James P. Reardon, of Winchester, Va., for plaintiff.

T. Russell Cather, of Winchester, Va., for defendant.

PAUL, District Judge.

There are three cases on the docket of this court under the style of J. Henkel Henry v. Metropolitan Life Insurance Company, being Nos. 69, 70 and 71. These suits were originally instituted in the Circuit Court of Frederick County, Virginia, by process returnable to second June rules, being the 15th day of June, 1942. On the return day the defendant appeared by counsel in the state court and submitted its motion to remove the cases to this court on the ground of diversity of citizenship. An order of removal was entered on the same day and the papers were received in the clerk's office of this court on June 19, 1942.

No steps were taken in the cases until the next regular term of this court, which convened on October 26th, and on October 30, 1942, counsel for the plaintiff served notice on counsel for the defendant that he would on November 2, 1942, submit motions in each of the cases for judgment by default, it appearing that at the time said notice was given the defendant had failed to answer or file any other pleadings in defense of said actions. On the return day of the notice for judgment, counsel for both parties appeared for hearing on the motions and in answer to the motions counsel for the defendant made a statement which he has since reduced in the form of an affidavit and has filed. On the same day, November 2, 1942, the defendant tendered its answer in each case denying liability.

The substance of the affidavits filed by counsel for the defendant in defense to the motions for judgment by default is as follows: That he is counsel for the defendant and that these actions were removed from the state court on his motion and that it is true that he failed to file an answer in any of the said actions within the twenty days prescribed by the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. That the answers had been prepared in each case at the time that the motion for removal was made to the state court and that counsel was under the belief that the answers had been filed in this court when the record was removed from the state court. That he attributes his failure to file the answers to the fact that about the time of the entry of the order of removal he was compelled to go to the hospital in the city of Baltimore for medical treatment for an ailment as to which he had several months before undergone an operation; that upon his return from the hospital he was confronted with a large number of matters coming before Appeal Board No. 3 of the State of Virginia under the provisions of the Selective Training and Service Act of 1940, 50 U.S.C.A. Appendix, § 301 et seq., of which board he is a member, which work was in addition to the accumulated work of his office, and that due to the confusion attendant upon his visit to the hospital and the unusual demands made upon him on his return therefrom he overlooked the fact that the answers had not been filed. That about a month or six weeks prior to the beginning of the term of court on October 26th he had talked with counsel for the plaintiff in regard to the trial of the cases, in which conversation the parties had agreed that the cases should not be tried at the then coming term and that because of this understanding counsel for the defendant had no

144

occasion to review or examine his files and thereby discover that the answers previously prepared had not in fact been mailed to the clerk's office of this court. That on October 26th, the day on which court convened, counsel had again proceeded to the hospital for several days' of treatment and that it was not until his return to his office, where he found the notice of the motion for judgment by default, that he discovered that the answers had not been filed at the time the cause was removed. That he at once forwarded the answers to the clerk's office of this court and furnished a copy thereof to counsel for the plaintiff. The affiant further alleges his belief that the plaintiff has in no way been misled to his injury by the failure to file the answers in time and prays that the motion for judgment by default be denied. The plaintiff has not attempted in any way to controvert the statements contained in the affidavit referred to above.

The question before the court is whether upon the above recited state of facts the court should deny the motion for judgment by default and allow the defendant to file its answers. Counsel for the plaintiff appears to take the position that it is entitled to a judgment by default as a matter of right and the proper procedure is that such a judgment should be entered and that the questions involved should thereafter be decided upon a motion of the defendant to set aside or vacate such judgment. I am unable to agree with this view. This is not a case where judgment by default has been entered by the clerk under the provisions of Rule 55(b) (1). Motion is here made for the entry of such a judgment by the court under Rule 55(b) (2). Judgment has not yet been entered and the question is whether in the discretionary power of the court such a judgment should be entered. It would be a useless thing to enter the judgment as a matter of course and thereafter take up the question of whether having entered it the court should set it aside.

There can be no question that the failure to file the answers in time was due to the neglect or oversight or inadvertence of counsel for the defendant. This he frankly admits. It is also true, I think, that the rules do not contemplate that the court should be too lenient in overlooking such faults or relieving parties from the consequences of such oversights and I think it is particularly true that defendants who remove cases from the state courts should be specially careful in observance of the requirements of pleading. Having been given the privilege of removing their cases to this court, they should be particularly diligent in their compliance with the rules of this court. However, the court has a wide discretion in such matters and I am inclined to strain that discretion to the point of denying the motion for judgment and allowing the defendant to answer. There is no reason to question the statements contained in the affidavit of counsel and the circumstances recited are such as to make the inadvertent failure to file the answers not unusual.

Particularly am I actuated in permitting the cases to remain at issue by the fact that it is not seen how any harm has been done to the plaintiff in any way. It is true also that the cases had been on the docket of this court for some four or five months before the motion for a default judgment was made, and it is a fact also that it was not then made returnable at the beginning of the term. Neither had the plaintiff moved for a trial of the cases at the October term, but had apparently not expected to try them at this term and, therefore, the failure to answer has not hampered the plaintiff in any way in bringing the cases to trial. The delay in making the motion for judgment by default and the other attending circumstances indicate that plaintiff's counsel was likewise unaware that the answers had not been filed until after the beginning of the October term, when he in some way found that such was the case.

The amount involved in these cases is very substantial, aggregating some $12,000 or more. Matters involving such sums should not be determined by default judgments if it can reasonably be avoided and this is particularly true where there appear to be real issues of fact between the parties on the solution of which recovery depends. Making it clear that the action of the court in these cases is not to be taken as a precedent, I feel that it would better serve the interests of justice if the issues in these cases were made the subject of a trial on the merits and that the defendant should now be allowed to answer in order that such hearing on the merits may be had. The motion for judgment by default will, therefore, be denied and the defendant will be allowed to file its answers.