**MARIELLE C. WALLACE and ALDWYN WALLACE, Plaintiffs**

**v.**

**GERARD DE WERD, Defendant**

Civil No. 249-1968

District Court of the Virgin Islands

Div. of St. Thomas and St. John

April 24, 1969

■

■

GEORGE A. BERETTA, ESQ., *for plaintiffs*

MAAS, IRELAND and FINUCAN, ESQS. (THOMAS D. IRELAND, ESQ., of counsel) *for defendant*

STALEY, *Judge*
 (Sitting by Designation)

## MEMORANDUM

On July 24, 1968, plaintiffs, Marielle C. and Aldwyn Wallace, filed a complaint against Gerard De Werd, asking this Court, *inter alia*, to reform a purchase money bond and mortgage agreement entered into by Marielle C. Wallace and defendant on February 29, 1960, because the parties discovered a mutual mistake of fact as to the number of acres in the lot Wallace sold defendant. The agreement provided for defendant to pay Wallace the sum of $2,500.00 on July 1, 1960, and a similar sum each and every six months thereafter until the total purchase price of $33,250.00 was paid. The agreement further provided that as Wallace received each bi-annual installment she was to promptly release to defendant one (1) acre of land covered by the mortgage lien. In the event of defendant's default for a period exceeding thirty (30) days, Wallace reserved the right to immediately foreclose on the mortgage. Plaintiffs allege in their complaint that defendant defaulted on the first semi-annual payment in the amount of $1,060.00, and continued to so default on almost all the remaining installments so that the total arrearage is now in the neighborhood of $21,000.00.

Defendant did not file an answer to this complaint until February 6, 1969, more than six months after the complaint was filed. Plaintiffs now move this Court pursuant to 5 V.I.C. App. I, R. 55(b)(2) (Rule 55(b)(2) of the Federal Rules of Civil Procedure) to enter a default judgment against defendant and to strike his answer. Defendant's counsel has filed an affidavit signed by his secretary to the effect that no one in counsel's office remembers handling or seeing a copy of the complaint, but whoever handled it miscaptioned and misfiled it so that it was never brought to counsel's attention that an answer had to be filed within 20 days. The affidavit further states that defendant does not recall who he handed the document to, and invites the Court to draw the inference that perhaps it was handled or mishandled by a former partner of the firm who resigned and moved to Connecticut.

 The applicable law with regard to whether a district court may or should enter a default judgment in light of the circumstances present here was explicated in Bovouset v. Shaw's of San Francisco, 43 F.R.D. 296, 297–298 (S.D. Tex. 1967), where the Court said:

"The entry of a default judgment pursuant to Rule 55(b), Fed. R. Civ. P., is not a matter of right but is in the sound discretion of the Court. Default judgments are not generally favored and any doubt in entering or setting aside a default judgment must be resolved in favor of the defaulting party. If a plaintiff has not been substantially prejudiced by the delay, a defaulting party who has appeared before the Court should be afforded the opportunity to answer the complaint.

\* \* \*

"\* \* \* Furthermore, when the question is whether to enter a default judgment rather than to vacate an existing default judgment, it is not absolutely necessary that the neglect or oversight on the part of counsel be excusable. Teal v. King Farm Co., [18 F.R.D. 447 (E.D. Pa. 1955)] . . .; See Henry v. Metropolitan Life Ins. Co., 3 F.R.D. 142 (W.D.W. Va. 1942). Thus, it is unneces-

sary for the Court to determine if defendant's default was through excusable neglect."

The Court, of course, is not condoning the filing of a late answer, yet it is reluctant to enter a default judgment where, as here, there was not a wilful abuse of its process nor apparent prejudice to the plaintiff. Moreover, this is not a simple case. Even if the Court were inclined to enter a default judgment it would still have to hold a hearing to determine the type and terms of the relief granted pursuant to the judgment. This is evident from the fact that plaintiffs asked for a reformation of the agreement in their complaint, but in the papers filed in support of their instant motion they ask the Court to rescind the mortgage agreement and to validate those sales that defendant made to third parties of the land that plaintiffs released to defendant. Additionally, it must be determined just how much money defendant paid plaintiffs. Since a hearing must be held in any event, it is best that if plaintiffs are entitled to judgment they should take it on the merits of their case, and not on what appears to be a secretarial miscue.

The Court will grant plaintiffs request to strike defendant's answer because it was indeed filed without leave of Court. Defendant will have ten (10) days from the filing of this memorandum to file his answer. The motion for default judgment is denied. Costs and attorneys' fees will be taxed against defendant.