JUSTUS VILLA, Plaintiff

v.

LEONARD LAWRENCE, Defendant/Third-Party Plaintiff

v.

TRADEWINDS, INC., et al., Third-Party Defendant

Civil No. 129/1979

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

October 24, 1979

ARNOLD M. SELKE, ESQ., St. Thomas, V.I., *for plaintiff*

GEORGE MARSHALL MILLER, ESQ., St. Thomas, V.I., *for defendant third-party plaintiff*

KENNETH R. LINDQUIST, ESQ., Christiansted, St. Croix, V.I., *for third-party defendant Tradewinds, Inc.*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION

Leonard Lawrence, defendant/third-party plaintiff, served a third-party complaint on June 4, 1979, on Tradewinds, Inc., and on June 5, 1979, on the Government of the Virgin Islands Planning Board (hereinafter the Government) and Thomas R. Blake, Director of Planning (hereinafter Blake).

Lawrence now has filed a motion for entry of default and a default judgment against all third-party defendants.

Third-party defendant Tradewinds failed by more than two months to file a timely answer. Third-party defendants Government and Blake have filed no answer, notice of appearance or responsive pleading. No judgment, however, may be entered against any of the third-party defendants because the third-party plaintiff has not complied with Rule 48(a)(1) of this court. 5 V.I.C. App. IV, R. 48(a)(1). This rule requires plaintiff or someone authorized on his

behalf to submit an affidavit verifying "all facts necessary to establish a claim in the amount due after deducting all credits to which the defendant is entitled." Rule 48(a)(1) also requires copies of all papers and book entries relied upon by the affiant to be annexed to the affidavit. Third-party plaintiff has failed to file an affidavit as well as copies of papers and entries relied upon.

Even if Rule 48(a)(1) were complied with, neither an entry of default nor a judgment by default against third-party defendant Tradewinds would be appropriate. Consideration of the facts leading to the motion for default judgment is necessary to demonstrate this.

On May 22, 1979, Lawrence filed a motion for leave to bring in third-party defendants, which was granted on May 30. Third-party defendant Tradewinds was served on June 4, and it filed on June 26 a motion to quash service, which motion was denied on June 27. Tradewinds submitted nothing further.

Third-party plaintiff Lawrence on September 13 filed the pending motion for default, and by court order all third-party defendants were directed to submit any opposition to the motion by September 25. On September 18 Tradewinds submitted an affidavit in response to the motion as well as an answer to the third-party complaint. The affidavit of Tradewinds' attorney stated that he received a copy of the third-party complaint on June 6, and that as a result he filed on June 20 the motion to quash. It was not until June 29, he says, that he received an unattested copy of the court's order that granted permission to bring in the third-party defendants, and it was not until July 13 that he received the court's order denying Tradewinds' motion to quash. Counsel's affidavit states further that he tried to contact Lawrence's attorney several times between July 6 and July 26 to inform him that the original complaint was not included with the third-party complaint. Although he

finally reached Lawrence's attorney on July 26 and was advised that the original complaint would be sent, he said he never received it.

Finally, Tradewinds' attorney says he was off-island from August 8 to August 20, that he faced a heavy workload upon his return, that for two weeks severe storms inundated St. Croix (where his office is located), that his secretarial staff changed, and that although he assumed the answer had been mailed on September 5, it had not. The answer, therefore, was served personally on September 18.

█ Pursuant to Rule 12(a), Fed. R. Civ. P., 5 V.I.C. App. I, R. 12, it is clear that Tradewinds is technically in default because Tradewinds was required by August 23 to serve an answer to the third-party complaint. A party seeking judgment by default is not, however, entitled to judgment as a matter of right, even if a defendant is technically in default. 10 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2685, p. 265 (1973). Moreover, default judgments generally are not favored and any doubt in entering or setting aside a default judgment must be resolved in favor of the defaulting party. Wallace v. DeWerd, 7 V.I. 294, 47 F.R.D. 4 (D.V.I. 1969).

██ Were a default judgment already entered, the court could set it aside by a showing of excusable neglect pursuant to Rule 50 of this court, 5 V.I.C. App. IV, R. 50, in accordance with Fed. R. Civ. P. 60(b). Thus if that standard were applicable, Lawrence argues, and the court agrees, Tradewinds' explanation would not justify a delay of two months. Indeed, if Tradewinds were required to show excusable neglect in order to set aside a default judgment pursuant to Rule 60(b), the court on the facts before it would find it difficult to find such excusable neglect. Yet when, as here, the question is whether to enter a default

judgment rather than to set aside an existing default judgment, it is not absolutely necessary that neglect or oversight on the part of counsel be excusable. Wallace v. DeWerd, supra; see also Teal v. King Farms Company, 56 F.R.D. 456 (E.D. Tex. 1972). Thus, the court is free to consider a variety of factors that weigh against granting default judgment against Tradewinds.

■ These factors include the amount of money potentially involved, 10 C. Wright and A. Miller, supra at 265, whether a meritorious defense exists, Medunic v. Lederer, 533 F.2d 891 (3d Cir. 1976), whether plaintiff is prejudiced by the delay, Medunic v. Lederer, supra, and whether the default is largely technical, 10 C. Wright and A. Miller, supra.

A default judgment against Tradewinds would result in a veritable forfeiture of $6,000, and even though not a great sum, it is enough so that the court is reluctant to permit such a forfeiture, especially in light of the other factors weighing against the granting of a default judgment. See Hutton v. Fisher, 359 F.2d 913 (3d Cir. 1966). Initially the court notes that Tradewinds' answer, which was filed with its response to the motion for default, appears to raise a meritorious defense. Furthermore, Lawrence has not alleged that it has been prejudiced by Tradewinds' delay, nor does such prejudice appear on the record. Finally, while Tradewinds by its untimely filing is technically in default, it clearly has manifested an intention to defend this action by filing a timely motion to quash and by promptly filing both its answer and affidavit in response to the default motion.

■ The court does not intend to condone the delay or haphazard disregard of the rules that appears to be present in this case. However, the court also does not wish to punish a party for the sins of omission of its counsel.

Therefore, based on the foregoing considerations and the policy favoring a trial on the merits over default judgments, Schackelford v. Puerto Rico International Airlines, Inc., Civil No. 273/1977 (D.V.I., Div. St. T. & J., Feb. 13, 1978); 10 C. Wright and A. Miller, supra at 249, the court will deny defendant/third-party plaintiff's motion for default judgment as to third-party defendant Tradewinds.

■ Lawrence also has requested entry of default against Tradewinds. Entry of default is a formal prerequisite to a default judgment. In view of the court's conclusions regarding the request for a default judgment, an entry of default would be meaningless. Consequently, it also will be denied.

The motion for a default judgment against third-party defendants Government and Blake also will be denied. Rule 55(e), Fed. R. Civ. P. provides, "No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." 5 V.I.C. App. I, R. 55(e). The clear intent of Rule 55(e) is to protect the taxpayers from judgments entered as a penalty against a government official. Campbell v. Eastland, 307 F.2d 478 (5th Cir. 1962), cert. denied 371 U.S. 955 (1962). That intent is equally applicable to the Government of the Virgin Islands. Therefore, the mere failure on the part of the Government or an official of the Government to answer will not be sufficient ground for a default judgment against either of them. Fedor v. Ribicoff, 211 F.Supp. 521 (E.D. Pa. 1962).

Third-party defendants Government and Blake are, however, clearly in default pursuant to 5 V.I.C. App. IV, R. 47. Although Rule 55(e), Fed. R. Civ. P. prohibits default judgments against the Government, nothing in the rule prohibits the entry of a formal default. 10 C. Wright and A. Miller, supra, § 2702, p. 355. Thus the court will

enter a default against the Government and Blake, which will, of course, be set aside should these third-party defendants move for relief. Whether they move for relief or not, the defendant/third-party plaintiff will be required to prove his claims at a trial on the merits. See United States v. Roundtree, 420 F.2d 845 (5th Cir. 1955).