No. 88-304

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

ROBERT L. CRIBB and MARGARET V. CRIBB,
husband & wife; M. BRUCE WRIGHT and
SUSAN WRIGHT, husband & wife; and RON
HELLAND and JOAN HELLAND, husband and
wife, on behalf of all other stockholders
of Glasgow Publishing Company, a Montana
corporation,

          Plaintiffs and Respondents,

    -vs-

MATLOCK COMMUNICATIONS, INC., an Idaho
corporation; GLASGOW PUBLISHING COMPANY,
a Montana corp., COOSPAPERS, INC., an
Oregon corp.; IDAHO BANK & TRUST COMPANY,
a banking corp.; and STEPHEN J. MATLOCK,
individually and as President of Matlock
Communications, Inc., and Glasgow Publishing
Company,

          Defendants and Appellants.

APPEAL FROM: District Court of the Seventeenth Judicial District,
In and for the County of Valley,
The Honorable Nat Allen, Judge presiding.

COUNSEL OF RECORD:
    For Appellant:
        Jardine, Stephenson, Blewett & Weaver; George N McCabe,
        Great Falls, Montana
        Gallagher, Archambeault & Knierim; Matthew W Knierim,
        Glasgow, Montana
    For Respondent:
        Habedank, Cumming, Best, Maltese & Savage; Peter
        Maltese, Sidney, Montana

Submitted on Briefs: Nov. 17, 1988
      Decided: January 30, 1989

/Clerk

Filed: '89 JAN 30 PM 4 55
ED SMITH, CLERK
MONTANA SUPREME COURT

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

This appeal from the Seventeenth Judicial District, in and for the County of Valley, concerns the District Court's denial of a motion to set aside an entry of default under Rule 55(c), M.R.Civ.P. The only issue is whether the lower court abused its discretion in denying the motion. We reverse.

The relevant facts are as follows: respondents Cribbs, and Wrights, (Cribbs) agreed to sell their stock in Glasgow Publishing Company, a corporation, to Matlock Communications, Inc., owned by Stephen J. Matlock. Cribbs exchanged the company's stock for promissory notes and other consideration from Matlock. The parties placed the stock in escrow to secure the debt owed on the notes.

Cribbs regained control of the company when Matlock Communications failed to make the required payments. Cribbs then sued Matlock and Matlock Communications for money still due under the sales agreement.

Cribbs joined appellant Idaho Bank and Trust Company (I.B. & T.) because Matlock had secured a loan from I.B. & T. with assets owned by Glasgow Publishing Company. Cribbs' complaint contended that Matlock had no authority to encumber the assets, and sought a judgment voiding the security interest claimed by I.B. & T.

On December 22, 1986, Cribbs served summons and complaint on I.B. & T.'s main downtown branch office in Boise, Idaho. I.B. & T. failed to answer or appear within 20 days. On February 5, 1987, the clerk entered default against I.B. & T. On March 6, 1987, before Cribbs had taken any final judgment, I.B. & T. filed a motion to set aside the

default, a crossclaim, a counterclaim, and a third party complaint.

I.B. & T. also submitted affidavits explaining their failure to respond to Cribbs' complaint. An employee in I.B. & T.'s branch office swore that he delivered the papers to another employee for transfer to the main I.B. & T. office through the Bank's courier system. The other employee remembered receiving the papers with instructions for their delivery, but could not verify if she had channelled the papers into the courier system. The summons and complaint never arrived at the main office.

I.B. & T. discovered their failure to answer or appear approximately one week after the clerk entered the default. One month after the entry of default I.B. & T. filed its motion, answer, crossclaim, counterclaim and third party complaint.

I.B. & T. contends that the District Court abused its discretion in refusing to set aside the entry of default because I.B. & T. made the showing of good cause required by Rule 55(c), M.R.Civ.P. Cribbs respond that Rule 55(c)'s good cause should be equated with "excusable neglect" in Rule 60(b), M.R.Civ.P, and that I.B. & T. has failed to excuse its late response. The parties also disagree on whether I.B. & T.'s tardy response prejudiced Cribbs.

First, Cribbs mistakenly contend good cause under Rule 55(c), M.R.Civ.P., equates to excusable neglect under Rule 60(b), M.R.Civ.P. Rule 55(c), M.R.Civ.P., provides that:

> For good cause shown the court may set side an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

3

The majority view holds that:

> the "good cause" standard for setting aside a
> default entry is more flexible and lenient than the
> Rule 60(b) standard for setting aside a default
> judgment. 6 J. Moore, <u>Moore's Federal Practice</u> ¶
> 55.10[1] and [2] (2d ed. 1983); ... The default
> entry is simply an interlocutory order that in
> itself determines no rights or remedies, whereas
> the default judgment is a final judgment that
> terminates the litigation and decides the dispute.

Hertz v. Berzanske (Alaska 1985), 704 P.2d 767, 770. We
agree that the good cause standard under Rule 55(c),
M.R.Civ.P., should be applied more flexibly and leniently
than the excusable neglect standard under Rule 60(b),
M.R.Civ.P.

Second, we hold that I.B. & T. made a sufficient showing
of good cause in the lower court. To determine the existence
of good cause, courts should consider:

> (1) whether the default was willful, (2) whether
> the plaintiff would be prejudiced if the default
> should be set aside, and (3) whether the defendant
> has presented a meritorious defense to plaintiff's
> claim. The court must also balance the interests
> of the defendant in the adjudication of his defense
> on the merits, against the interests of the public
> and the court in the orderly and timely
> administration of justice.

6 J. Moore, <u>Moore's Federal Practice</u> ¶ 55.10[2], at 55-59 (2d
ed. 1988), and see Sony Corp. v. Elm State Electronics, Inc.
(2nd Cir. 1986), 800 F.2d 317, 320 (in addition to three
factors above, courts may consider whether there was a good
faith mistake, whether a harsh or large judgment would
result, the strong preference for adjudication on the merits,
and resolution of doubts in favor of granting motion to set
aside).

4

I.B. & T. submitted affidavits that its failure to respond resulted from clerical error. Facing similar facts, one U.S. District Court agreed to set aside an entry of default stating:

> The Court, of course, is not condoning the filing of a late answer, yet it is reluctant to enter a default judgment where, as here, there was not wilful abuse of its process nor apparent prejudice to the plaintiff.

Wallace v. De Werd (D. V.I. 1969), 47 F.R.D. 4, 5. Here there is also a lack of willful abuse of the lower court's process and a lack of apparent prejudice. Cribbs argue that prejudice exists because reversal will further delay the case. We reject this contention. Prejudice from delay should be measured at the time the party moves to set aside an entry of default.

Weighing the third factor in this case presents more difficulty. Cribbs contend I.B. & T. has failed to show a meritorious defense because Matlock could not have had authority to encumber the assets of Glasgow Publishing Company.

I.B. & T. contends that the documents creating the security interest are regular on their face, and that Matlock provided documentation demonstrating that he was authorized to borrow for Glasgow Publishing Company as the Corporation's sole director. I.B. & T. also contends that the security agreement may be validated by the allegation that Glasgow Publishing Company received a monetary benefit from loans authorized by Matlock.

Cribbs have responded to these contentions by arguing that Matlock never properly became sole director of the corporation, and that none of the proceeds of the loans benefited Glasgow Publishing Company.

5

Cribbs have presented evidence supporting their position. However, resolution of doubt in finding a meritorious case should be resolved in favor of I.B. & T. Meehan v. Snow (2nd Cir. 1981), 652 F.2d 274, 277. I.B. & T. has alleged facts which, if proven, provide a defense.

Appellate courts reverse refusals to set aside entries of default on a showing of slight abuse of discretion by the lower court. 6 J. Moore, Moores Federal Practice ¶ 55.10[2], at 55-59. Given the lack of willfulness, prejudice, and the presence of factual allegations supporting a defense, we hold that the District Court abused its discretion in denying the motion. We reverse and remand for further proceedings.

Justice

We Concur:

Justices

Mr. Justice L. C. Gulbrandson, dissenting.

In my view, the appellant failed to present a meritorious defense. Even a cursory examination by the appellant of the documentation provided by Matlock, as the purported sole director of the Glasgow Publishing Company, would have revealed non-compliance with the requirements of the pertinent Montana statutes, including § 35-1-413 and § 35-1-808, MCA.

I would affirm the District Court's order.

_____
Justice