No. 91-011

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

JOHN C. HOYT,

      Plaintiff and Respondent,

    v.

RUSSELL G. EKLUND, d/b/a
EKLUND ENTERPRISES,

      Defendant and Appellant.



APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John M. McCarvel, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        John C. Doubek; Small, Hatch, Doubek & Pyfer,
        Helena, Montana

    For Respondent:

        John C. Hoyt; Hoyt & Blewett, Great Falls, Montana


           Submitted on briefs:    April 18, 1991

                   Decided:    July 25, 1991

Filed:

                          Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Defendant and appellant, Russell G. Eklund, doing business as Eklund Enterprises, appeals from an order of the District Court of the Eighth Judicial District, Cascade County, denying his motion to set aside a default and default judgment. We reverse and vacate the default and default judgment.

The issues raised on appeal are as follows:

1. Did the District Court err in refusing to set aside a default judgment entered by the clerk of court when the plaintiff's claim was not for a sum certain or for a sum capable of being made certain by computation?

2. Did the District Court abuse its discretion in refusing to set aside the entry of default?

Plaintiff and respondent, John C. Hoyt, contracted with the defendant to construct a residence on property located in Cascade County. The facts surrounding the project are disputed and unclear from the record. The plaintiff alleges that the defendant did not complete construction and abandoned the project. The plaintiff claims that much of the work had to be redone. The defendant, on the other hand, asserts that the plaintiff made numerous changes and modifications in the plans, and that the plaintiff owes him $39,548 for materials and labor.

The defendant filed a mechanic's lien against the home and retained the law firm of Small, Hatch, Doubek & Pyfer to represent him. In April and May 1989, the plaintiff and one of the partners

2

in the firm exchanged a series of letters regarding the plaintiff's problems with the construction. On May 16, 1989, the attorney inspected the house and asked the plaintiff for a list of specific complaints. On May 23, 1989, the plaintiff forwarded to the attorney a ten-page memo detailing defects in the house. On May 26, 1989, the plaintiff sent another letter to the attorney, describing an additional problem with the dwelling. The attorney failed to reply to either letter, and on July 5, 1989, the plaintiff again wrote, asking the attorney to please respond. When the attorney still failed to reply, the plaintiff on July 18, 1989, wrote directly to the defendant, threatening him with a lawsuit.

Neither party took further action in the matter until April 3, 1990, when another partner in the firm representing the defendant filed a complaint to foreclose on the mechanic's lien. The plaintiff was not served, however, as the attorney intended to undergo discovery on the matter before completing service.

On May 24, 1990, the plaintiff wrote to the second attorney, stating that he understood that the lien foreclosure action had been commenced and suggesting that the attorney serve him so that he might appear with a counterclaim. In the letter, the plaintiff indicated that he would wait one week to determine the defendant's intentions and that he would file a separate suit if he did not receive a reply. The following day, angry that yet another problem with the house had appeared, the plaintiff again wrote to the second attorney, stating that he was proceeding to file a complaint

3

against the defendant and that he would consent to consolidate the action with the lien foreclosure suit. He received no reply to either letter.

On May 29, 1990, the plaintiff filed the complaint in this action. The defendant was personally served on the same day. The defendant forwarded a copy of the summons and complaint to the second attorney the following day. The second attorney, however, never received the complaint and therefore did not appear on behalf of the defendant.

On July 12, 1990, the clerk of court entered the defendant's default. On August 8, 1990, pursuant to the plaintiff's affidavit, the clerk entered a default judgment against the defendant in the amount of $86,000.

The defendant learned of the default on September 17, 1990. That day, he called the second attorney to inquire about the status of the action and discovered for the first time that the attorney had not received the summons and complaint by mail and that the attorney was unaware that an action had been started by the plaintiff.

On September 21, 1990, the defendant filed a motion to set aside the default judgment and consolidate the plaintiff's complaint with the lien foreclosure action. Oral argument was held on the matter, after which the District Court denied the motion. This appeal followed.

4

The defendant first argues that the District Court erred in failing to set aside the default judgment entered by the clerk of court when the plaintiff's claim was not for a sum certain or a sum capable of being made certain by computation. We agree.

Rule 55(b), M.R.Civ.P., delineates the procedure for obtaining a default judgment. It provides in pertinent part:

Judgment by default may be entered as follows:

(1) By the clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if he has been defaulted for failure to appear and if he is not an infant or incompetent person, and has been personally served. No judgment by default shall be entered by the clerk when service has been by publication.

(2) By the court. In all other cases the party entitled to a judgment by default shall apply to the court therefor . . . . If the party against whom judgment by default is sought has appeared in the action, he . . . shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the state of Montana. (Emphasis added.)

Rule 55(b), M.R.Civ.P.

Under the rule, the clerk of court may enter a default judgment against a party who has been served but who has failed to appear if the claim against the party is for a sum certain or a sum capable of being made certain by computation. Rule 55(b)(1),

5

M.R.Civ.P. If the amount of the claim is not for a sum certain or a sum capable of being made certain by computation, the party seeking the default judgment must apply to the district court, which may hold a hearing on the matter. Rule 55(b)(2), M.R.Civ.P.

In the complaint filed in the present case, the plaintiff failed to specify the numerical amount of his claim. Instead, he sought monies compensating him for an uninhabitable dwelling, rebuilding or completing the residence, and emotional distress. He also sought punitive damages, prejudgment interest, costs, and attorney's fees. In the affidavit accompanying his praecipe for default judgment, he stated:

> Plaintiff will have to expend the sum of at least $86,000.00 to correct the gross, shoddy workmanship performed by Defendant and re-do a substantial portion of the dwelling, including replacing all doors, painting, installing adequate heating and air conditioning, and replacing items improperly installed or built by Defendant as well as completing said dwelling. (Emphasis added.)

The sum of $86,000 was merely an estimate of the amount of damages the plaintiff expected to incur in completing the house. The damages did not constitute a sum certain and were not capable of being made certain by computation. Therefore, the clerk of court did not have the authority to enter the default judgment. The District Court committed reversible error in refusing to vacate the default judgment.

The defendant next argues that the District Court abused its discretion in refusing to set aside the entry of default. Once again, we agree.

6

The policy of the law is to favor trial on the merits. Consequently, no great abuse of discretion need be shown to warrant a reversal of a district court order denying a motion to set aside a default. Lords v. Newman, 212 Mont. 359, 366, 688 P.2d 290, 294 (1984).

Rule 55(c), M.R.Civ.P., allows the district court to set aside an entry of default and a default judgment. It provides in pertinent part:

> For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

Rule 55(c), M.R.Civ.P.

In Cribb v. Matlock Communications, Inc., 236 Mont. 27, 30, 768 P.2d 337, 339 (1989), this Court distinguished the standard for setting aside an entry of default from the standard for vacating a default judgment. We noted that an entry of default may be set aside upon a showing of "good cause," which is a more flexible and lenient standard than the requirements for vacating a default judgment under Rule 60(b), M.R.Civ.P. We held that the district court should consider the following factors when determining if the defendant has shown good cause for setting aside an entry of default:

> (1) [W]hether the default was willful, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant has presented a meritorious defense to plaintiff's claim.

Cribb, 236 Mont. at 30, 768 P.2d at 339. We additionally held that the court must balance the interests of an adjudication of the

7

claim on the merits against the interests of the "orderly and timely administration of justice." Cribb, 236 Mont. at 30, 768 P.2d at 339.

The facts here do not establish willfulness by the defendant or his attorneys. At most, this situation presents a case of excusable neglect by the defendant for failing to follow-up on the status of the complaint and a possible mistake in delivery of the letter containing the summons and complaint. Admittedly, the defendant's attorneys should have responded to the plaintiff's correspondence. However, threats of lawsuits are common among disgruntled individuals, threats that are not always carried out. In fact, in this case the plaintiff had warned the defendant that he would file suit over ten months before he actually commenced the action.

In addition, the plaintiff will not be prejudiced by setting aside the default. As soon as he discovered the default, the second attorney diligently pursued the lawsuit by promptly moving to set aside the judgment. Only a few months elapsed between filing the complaint and the motion to set aside. The plaintiff's ability to prosecute the action was not impaired by this delay in defending the suit.

Finally, with the mechanics lien foreclosure suit, the defendant offered a defense to plaintiff's complaint that, if proven, is meritorious. Although the plaintiff argues that the defendant is liable for damages arising out of the defendant's shoddy construction effort,

8

the defendant contends that the plaintiff owes him money for the work performed on the residence.

We conclude that in the present case the District Court abused its discretion in refusing to set aside the entry of default. Considering the fact that the defendant's suit to foreclose the mechanic's lien arises out of the same set of facts as the case at hand, the administration of justice may very well be aided by allowing an adjudication on the merits of both claims.

We reverse and vacate the default and the default judgment. The case is remanded for further proceedings consistent with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

9

Justice Terry N. Trieweiler concurring in part and dissenting in part.

I concur with that part of the majority opinion which sets aside the clerk of court's entry of default judgment for the reason that plaintiff's complaint was not for a sum certain or a sum which by computation could be made certain.

I dissent from that part of the majority opinion which finds that the District Court abused its discretion when it refused to set aside the entry of default against the defendant pursuant to Rule 55(c), M.R.Civ.P.

According to the terms of Rule 55(c), an entry of default can only be set aside for "good cause." In Cribb v. Matlock Communications, Inc. (1989), 236 Mont. 27, 30, 768 P.2d 337, 339, we held that in addition to those factors cited by the majority, a District Court may consider "whether there was a good faith mistake," by the defendant in deciding whether good cause exists for setting aside an entry of default. In this case, there was ample evidence upon which the District Court could have concluded that the defendant's failure to appear was not based upon a good faith mistake.

From May 23, 1989, to May 25, 1990, plaintiff wrote to defendant or his attorneys on six different occasions in order to provide information regarding the inadequacy of the work done on his house and requesting information from the defendant. None of these letters were responded to by the defendant or his attorneys.

10

On May 29, 1990, defendant was served with a summons and complaint. His affidavit indicates that he mailed it to his attorney the next day. However, in spite of the fact that receipt by his attorney was never acknowledged, he did not bother checking with his attorney regarding the status of the complaint for nearly four months, or until after the default judgment was entered against him.

The District Court was justified in concluding that the defendant's attitude about the plaintiff's complaints was cavalier both before and after default was entered. It is apparent from the District Court's order that defendant's habitual non-responsiveness was a factor in the District Court's conclusion that "good cause" did not exist for setting aside the entry of default.

As pointed out by the majority, we also held in Cribb, supra, that to establish "good cause" for setting aside an entry of default, the defendant must establish a "meritorious defense to plaintiff's claim."

In this case, the defendant offered no meritorious defense to plaintiff's complaint as part of his motion to set aside the entry of default. The defendant filed no proposed answer; he did not offer any evidence; he did not request oral argument; and he did not present any evidence of a meritorious defense at the time set for the oral argument which was requested by the plaintiff.

The defendant filed a motion to set aside default in which he stated that the motion was based "on the grounds and for the

11

reasons set forth in the affidavits of Russell Eklund and John C. Doubek attached hereto." The affidavit of Russell G. Eklund in essence stated that the day after he received the summons and complaint which had been served upon him, he sent it to his attorney and assumed that he had received it. Defendant also states that he authorized that same attorney to file a mechanic's lien foreclosure action against the plaintiff previously, but provided no information about the nature of the action, nor the substance of his complaint in that action. Defendant's affidavit did not even specify that the foreclosure action related to the same piece of property which was the subject of plaintiff's complaint.

John Doubek's affidavit simply states that on September 17, 1990, he received a telephone call from his client asking why a default judgment had been entered against him and that he was surprised by the question because he had never previously been aware of the summons and complaint. He also mentioned having previously filed a foreclosure action against the plaintiff, but again, gave no particulars about the foreclosure action, and specifically, did not even relate the foreclosure to the same piece of property which was the subject of the plaintiff's complaint.

There was no other evidence offered. In fact, the attorney who appeared at the time set for oral argument was not even the same attorney who filed an affidavit in support of the defendant's

12

motion to set aside the entry of default. He was unable to add anything to the information set forth in the affidavit.

The majority concludes that the defendant's mechanic's lien presented a meritorious defense to the plaintiff's action. However, at no time prior to the District Court's order denying the defendant's motion to set aside the entry of default was the defendant's mechanic's lien or the action to foreclose that lien ever a matter of record in this action. Neither was there any explanation of the nature of that claim which would in any way enable the District Court to determine whether it constituted a meritorious defense to the plaintiff's complaint in this case.

Finally, plaintiff was not even in a position to respond to any issue created by the foreclosure action because he had never been served with it.

Under these circumstances, it can hardly be argued that the District Court abused its discretion (even slightly) when it concluded that no meritorious defense had been presented by the defendant.

I strongly support the principle that most cases should be resolved on their merits. However, I also strongly believe that in exercising their discretion granted pursuant to Rule 55(c), District Judges should be entitled to rely on the record before them and should not have to speculate that some unknown set of facts might constitute a meritorious defense to the plaintiff's complaint.

13

For these reasons, I would affirm the District Court's denial of the defendant's motion to set aside the clerk's entry of default for the plaintiff.

_____
Justice

14

July 25, 1991

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

John C. Doubek
Small, Hatch, Doubek & Pyfer
39 Neill Ave.
Helena, MT 59601

John C. Hoyt
Hoyt & Blewett
P.O. Box 2807
Great Falls, MT 59403

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy