*313 JUSTICE TRIEWEILER,
concurring in part and dissenting in part:
I concur with that part of the majority opinion which sets aside the clerk of court’s entry of default judgment for the reason that plaintiff’s complaint was not for a sum certain or a sum which by computation could be made certain.
I dissent from that part of the majority opinion which finds that the District Court abused its discretion when it refused to set aside the entry of default against the defendant pursuant to Rule 55(c), M.R.Civ.P.
According to the terms of Rule 55(c), an entry of default can only be set aside for “good cause.” In Cribb v. Matlock Communications, Inc. (1989), 236 Mont. 27, 30, 768 P.2d 337, 339, we held that in addition to those factors cited by the majority, a District Court may consider “whether there was a good faith mistake,” by the defendant in deciding whether good cause exists for setting aside an entry of default. In this case, there was ample evidence upon which the District Court could have concluded that the defendant’s failure to appear was not based upon a good faith mistake.
From May 23, 1989, to May 25, 1990, plaintiff wrote to defendant or his attorneys on six different occasions in order to provide information regarding the inadequacy of the work done on his house and requesting information from the defendant. None of these letters were responded to by the defendant or his attorneys.
On May 29, 1990, defendant was served with a summons and complaint. His affidavit indicates that he mailed it to his attorney the next day. However, in spite of the fact that receipt by his attorney was never acknowledged, he did not bother checking with his attorney regarding the status of the complaint for nearly four months, or until after the default judgment was entered against him.
The District Court was justified in concluding that the defendant’s attitude about the plaintiff’s complaints was cavalier both before and after default was entered. It is apparent from the District Court’s order that defendant’s habitual non-responsiveness was a factor in the District Court’s conclusion that “good cause” did not exist for setting aside the entry of default.
As pointed out by the majority, we also held in Cribb, supra that to establish “good cause” for setting aside an entry of default, the defendant must establish a “meritorious defense to plaintiff’s claim.”
In this case, the defendant offered no meritorious defense to *314 plaintiff’s complaint as part of his motion to set aside the entry of default. The defendant filed no proposed answer; he did not offer any evidence; he did not request oral argument; and he did not present any evidence of a meritorious defense at the time set for the oral argument which was requested by the plaintiff.
The defendant filed a motion to set aside default in which he stated that the motion was based “on the grounds and for the reasons set forth in the affidavits of Russell Eklund and John Doubek attached hereto.” The affidavit of Russell G. Eklund in essence stated that the day after he received the summons and complaint which had been served upon him, he sent it to his attorney and assumed that he had received it. Defendant also states that he authorized that same attorney to file a mechanic’s lien foreclosure action against the plaintiff previously, but provided no information about the nature of the action, nor the substance of his complaint in that action. Defendant’s affidavit did not even specify that the foreclosure action related to the same piece of property which was the subject of plaintiff’s complaint.
John Doubek’s affidavit simply states that on September 17,1990, he received a telephone call from his client asking why a default judgment had been entered against him and that he was surprised by the question because he had never previously been aware of the summons and complaint. He also mentioned having previously filed a foreclosure action against the plaintiff, but again, gave no particulars about the foreclosure action, and specifically, did not even relate the foreclosure to the same piece of property which was the subject of the plaintiff’s complaint.
There was no other evidence offered. In fact, the attorney who appeared at the time set for oral argument was not even the same attorney who filed an affidavit in support of the defendant’s motion to set aside the entry of default. He was unable to add anything to the information set forth in the affidavit.
The majority concludes that the defendant’s mechanic’s lien presented a meritorious defense to the plaintiff’s action. However, at no time prior to the District Court’s order denying the defendant’s motion to set aside the entry of default was the defendant’s mechanic’s lien or the action to foreclose that lien ever a matter of record in this action. Neither was there any explanation of the nature of that claim which would in any way enable the District Court to determine whether it constituted a meritorious defense to the plaintiff’s complaint in this case.
*315 Finally, plaintiff was not even in a position to respond to any issue created by the foreclosure action because he had never been served with it.
Under these circumstances, it can hardly be argued that the District Court abused its discretion (even slightly) when it concluded that no meritorious defense had been presented by the defendant.
I strongly support the principle that most cases should be resolved on their merits. However, I also strongly believe that in exercising their discretion granted pursuant to Rule 55(c), District Judges should be entitled to rely on the record before them and should not have to speculate that some unknown set of facts might constitute a meritorious defense to the plaintiff’s complaint.
For these reasons, I would affirm the District Court’s denial of the defendant’s motion to set aside the clerk’s entry of default for the plaintiff.