No. 99-344

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 207N

CRISTINA BABB,

Defendant/ Appellant,

v.

LARRY DVORAK,

Plaintiff/ Respondent.

APPEAL FROM: District Court of the Eleventh Judicial District,

In and for the County of Flathead,

The Honorable Katherine R. Curtis, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Randall A. Snyder, Bigfork, Montana

For Respondent:

Kathleen O'Rourke-Mullins, Polson, Montana

Submitted on Briefs: February 17, 2000

Decided: August 1, 2000

Filed:

_____

Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Respondent, Larry Dvorak (Dvorak), commenced a quiet title proceeding seeking to confirm a tax deed purchase of Appellant's, Cristina Babb (Babb), property. The Eleventh Judicial District Court, Flathead County, entered Babb's default for failure to file an answer. Babb filed three motions to set aside her default, all of which were denied. The District Court held a hearing on default judgment, but Babb failed to attend. The court entered a default judgment against Babb. We Affirm.

¶3 The issue on appeal is as follows:

Did Babb meet her burden of showing good cause to excuse her default?

## FACTUAL BACKGROUND

¶4 On November 18, 1994, Dvorak acquired a tax deed on Babb's real property due to Babb's failure to pay property taxes for some years. Prior to the issuance of the tax deed, Babb initiated a court action in the United States District Court, Great Falls Division, on September 16, 1994. Dvorak, his counsel, and several Flathead County Officials were named defendants. Following a terse ruling from the federal district court, Babb appealed to the Ninth Circuit Court of Appeals. The Ninth Circuit Court affirmed the lower court in that Babb's claims were frivolous. Dvorak then initiated this district court action. The chronology of this case is as follows:

2/24/95 Complaint filed

3/9/95 Each defendant served

3/24/95 Defendant's motion to dismiss filed

8/23/95 Motion to dismiss denied

9/12/95 Babb files motion to reconsider

10/2/95 Babb files judicial notice of lack of jurisdiction

11/17/95 Babb's motions denied

2/5/96 Dvorak's motion to stay, awaiting decisions pending in federal court

3/26/96 Order lifting stay

4/8/96 Babb's motion for stay/extension

4/11/96 Issuance of new scheduling order

4/22/96 Babb's motion to stay scheduling order

4/23/96 Dvorak requests entry of default

4/29/96 Babb files writ of mandamus with Supreme Court

4/30/96 Default entered in District Court

6/4/96 Supreme Court denies Babb's request for writs

6/7/96 Dvorak applies for default judgment and hearing

7/5/96 Babb's 1st motion to set aside default

9/25/96 Babb's 1st motion to set aside default denied

10/3/96 Babb's 2nd motion to set aside default

10/10/96 Dvorak's motion to strike 2nd motion

10/25/96 Babb's 3rd motion to set aside default

10/31/96 Babb's brief in support of 3rd motion

11/6/96 2nd motion stricken and default judgment granted

11/14/96 Dvorak responds and moves for hearing on all pending arguments

11/18/96 Babb replies

12/16/96 Babb files motion for relief from judgment and notice of hearing

12/30/96 Dvorak requests hearing date to entertain all pending motions

3/5/97 Hearing on pending motions

1/25/99 3rd motion denied, but default judgment vacated

3/2/99 Hearing - Babb fails to appear and default judgment granted

3/19/99 Default judgment entered

4/6/99 Babb's motion for relief from judgment

4/7/99 Notice of entry of judgment

5/6/99 Babb's notice of appeal to Supreme Court

¶5 Despite the litigious history of this case, Babb has never filed an answer to Dvorak's claim. The District Court entered Babb's default for failing to file an answer. Babb filed three motions to set aside her default. All were denied. The District Court entered a default judgment against Babb at a hearing she failed to attend. Babb now appeals the District Court's denial of her motions to set aside the default.

# STANDARD OF REVIEW

¶6 The standard of review for when a district court denies a motion to set aside a default is that only a slight abuse of discretion need be shown to warrant reversal. *See, e.g.*, Lords v. Newman (1984), 212 Mont. 359, 364, 688 P.2d 290, 293. No matter how slight, the burden is still on the appellant to establish that the District Court abused its discretion. *See, e.g.,* State ex rel. Dep't Envtl. Quality v. Robinson, 1998 MT 185, ¶ 15, 290 Mont. 137, ¶ 15, 962 P.2d 1212, ¶ 15. Further, we are aware of the importance of, once and for all, putting an end to litigation by establishing the respective rights of the parties, if necessary, through a default judgment. Roberts v. Empire Fire and Marine Ins. (1996), 278 Mont. 135, 140, 923 P.2d 550, 553.

# DISCUSSION

¶7 Did Babb meet her burden of showing good cause to excuse her default?

¶8 We must first address the sub-issue of whether Babb has to demonstrate good cause or excusable neglect. Babb argues that she is appealing the District Court's entry of her default, so pursuant to Rule 55(c), M.R.Civ.P., she must only demonstrate good cause to excuse her default. Dvorak argues that Babb's default ripened into a default judgment, so pursuant to Rule 60(b), M.R.Civ.P., Babb is held to the excusable neglect standard. The pertinent part of Rule 55, M.R.Civ.P., reads as follows:

> (c) For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

¶9 It is clear that a default and a default judgment are distinct from each other. Entry of a party's default is simply an interlocutory order which determines no rights or remedies in itself, whereas a default judgment is a final judgment which terminates the litigation and decides the dispute. Cribb v. Matlock Communications, Inc. (1989), 236 Mont. 27, 30, 768 P.2d 337, 339. Therefore, the standard for setting aside a default is more lenient than the standard for setting aside a default judgment. *Cribb*, 236 Mont. at 30, 768 P.2d at 339.

¶10 The distinguishing point between an appeal of a default and an appeal of a default judgment is the timing of when the motion to set aside the default was filed. If a party filed a motion to set aside the default before the entry of a default judgment the appeal is

from the entry of the default, however, if the motion is not filed until after entry of a default judgment the appeal is of the default judgment. 10 James Wm. Moore, et al., *Moore's Federal Practice* § 55.50[1][b][iv] (3rd ed. 1997). Here, all three of Babb's motions to set aside her default were filed with the District Court before the entry of default judgment. Therefore, we hold that the good cause standard is appropriate.

¶11 Now we will address whether Babb met her burden of showing good cause. In determining whether good cause exists to set aside a default, courts should consider:

(1) whether the default was willful, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant has presented a meritorious defense to plaintiff's claim. The court must also balance the interest of the defendant in the adjudication of his defense on the merits, against the interest of the public and the court in the orderly and timely administration of justice.

*Cribb, 236 Mont. at 30, 768 P.2d at 339; Hoyt v. Eklund (1991), 249 Mont. 307, 312-13, 815 P.2d 1140, 1142-43; Fronk v. Wilson (1991), 250 Mont. 291, 295, 819 P.2d 1275, 1278.*

¶12 The District Court found that Babb willfully defaulted. Upon reviewing the record, it concluded that Babb's failure to file an answer was inexcusable. The District Court found that Babb failed to act with due diligence. Babb filed no less than three pleadings with the Court within the one-month period before her default. Further, the District Court found that Babb had attempted to thwart Dvorak's claim every step of the way. In *Cribb*, the failure to file an answer was not willful, because it resulted from a clerical error. In that case, the appellant submitted an affidavit explaining that one of its employees had dropped off its answer with another employee to be delivered through a courier system, but the answer never arrived. *Cribb*, 236 Mont. at 29, 768 P.2d at 339. Here, a quick review of the chronology of this case reveals a willful attempt to thwart the judicial process with procedural roadblocks. We agree that Babb's default was willful.

¶13 Babb alleges on appeal that the District Court failed to address whether plaintiff would be prejudiced if the default was set aside. Babb fails, however, to establish that Dvorak would not be prejudiced if the default was set aside. Rather, Babb argues how she will be prejudiced if the default is not set aside. This is not the proper analysis. Babb's prejudice suffered is of her own doing. It is the natural consequence of her willful default. Dvorak would be prejudiced by not having an end to this litigation if the default was set

aside. Babb points out that we rejected delay as prejudice in the *Cribb* case. The facts in *Cribb* are distinguishable from Babb's default. In *Cribb*, no evidence existed of intentional stalling through the use of procedural roadblocks. We conclude that Dvorak will suffer prejudice if we allow Babb's procedural filibustering to continue.

¶14 Babb alleges that she has a meritorious claim to litigate if her default was set aside. The District Court found that Babb failed to present any evidence of a meritorious claim. Babb argues that our decision in *Cribb* stands for the proposition that mere allegation of a meritorious claim is enough. In *Cribb*, however, evidence was offered for and against the proposed claim, and we decided that resolution of doubt in finding a meritorious claim should be resolved in favor of the existence of a claim. *Cribb*, 236 Mont . at 31, 768 P.2d at 340. Here, there appears to be no doubt to resolve.

¶15 The above issues are balanced together with an eye for the interests of the timely administration of justice versus adjudication of trials on their merits. The District Court balanced Dvorak's, the court's, and the public's interest in the timely and efficient administration of justice in reaching its decision not to set aside Babb's default. On balance, we hold that Babb has failed to even slightly establish that the District Court abused its discretion.

¶16 The District Court is affirmed.

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ KARLA M. GRAY