DA 12-0347

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 295N

MICHAEL ELLENBURG,

       Plaintiff and Appellant,

   v.

LEROY KIRKEGARD, Warden,
Montana State Prison,

       Defendant and Appellee.

| | |
|---|---|
| APPEAL FROM: | District Court of the First Judicial District,<br>In and For the County of Lewis and Clark, Cause No. BDV-2011-325<br>Honorable Jeffrey M. Sherlock, Presiding Judge |

COUNSEL OF RECORD:

      For Appellant:

          Michael Ellenburg (self-represented), Shelby, Montana

      For Appellee:

          Ira Eakin, Special Assistant Attorney General, Montana Department of
          Corrections, Helena, Montana

                        Submitted on Briefs:  December 4, 2012
                                    Decided:  December 19, 2012

Filed:

                                 _____
                                       Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 In April of 2011, Michael Ellenburg filed this action setting forth civil rights claims pursuant to 42 U.S.C. § 1983 against Mike Mahoney, the then-Warden of Montana State Prison.[1] The Warden failed to timely answer the complaint, and the clerk of court entered his default. Upon motion supported by a brief and affidavits, however, the First Judicial District Court, Lewis & Clark County, set aside the default. The court later granted the Warden's motion for summary judgment. Ellenburg appeals. We affirm.

¶3 Ellenburg has not set forth in his brief a statement of the issues that he seeks to present for review as required by M. R. App. P. 12(1)(b). We agree with the Warden's identification of the following issues argued by Ellenburg:

¶4 1. Did the District Court abuse its discretion in setting aside the Warden's default?

¶5 2. Was summary judgment properly granted in the Warden's favor?

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, as amended in 2006, which provides for noncitable memorandum opinions. Substantial evidence supports the District Court's findings and the court correctly applied well-settled Montana law to the facts.

¶7     The District Court's decision to set aside the Warden's default involves a matter of judicial discretion. The court did not abuse its discretion in setting aside the default, under the considerations set forth in *Cribb v. Matlock Communications, Inc*., 236 Mont. 27, 768 P.2d 337 (1989).

¶8     With respect to the summary judgment issue, the Warden supported his motion with his affidavit, in which he detailed an absence of any affirmative connection between the deprivations of civil rights alleged in Ellenburg's complaint and any act or omissions on the part of the Warden. The District Court correctly determined that Ellenburg had failed to meet his burden, in responding to the motion for summary judgment, of coming forward with affidavits or other testimony containing material facts that raised genuine issues of fact as to one or more elements of his case.

¶9     Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ BETH BAKER

---

[1] We have changed the caption of the case to reflect the name of the current warden, pursuant to M. R. Civ. P. 25(d).