WALLACE J. WILLIAMS and MOLLY WILLIAMS, Plaintiffs and Respondents, *v.* SUPERIOR HOMES, INC., Defendant and Appellant.

No. 11024.
Submitted May 2, 1966. Decided July 18, 1966.
Rehearing denied August 18, 1966.
417 P.2d 92.

Harwood & Galles, Allen D. Gunderson, Billings, Dale F. Galles, argued, Billings, for appellant.

Joseph P. Hennessey, argued, Billings, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

Appeal from an order of the district court of Yellowstone County denying defendant's motion to vacate a default and judgment.

This dispute arose over certain personal property which had been left by plaintiffs in the care and control of the defendant. The defendant refused to return the personal property to the plaintiffs and claimed that the plaintiffs owed the defendant money on another transaction. The plaintiffs filed their complaint on February 1, 1962. The defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted, filed on February 21, 1962, was denied on March 9, 1962. On May 21, 1963, defendant moved for a bill of particulars, which was denied by an order dated October 9, 1963, and the defendant was given ten days in which to answer plaintiff's complaint.

On Friday, May 22, 1964, the plaintiffs applied to the district court for a judgment by default since the defendant had failed to answer the complaint within the time granted by the order of October 9, 1963. Written notice of the application for judgment was served on defendant's attorney of record on that

40

same day. A default judgment was filed on Monday, May 25, 1964.

The sheriff of Yellowstone County, pursuant to a writ of execution issued August 19, 1964, gave proper notice of the sale of certain real property belonging to the defendant. This sale was to take place on September 14, 1964, at the Courthouse in Billings.

On August 27, 1964, Ralph L. Herriott, Esq., at the request of the defendant, withdrew as its counsel. On September 11, 1964, the name of Oskar O. Lympus, Esq., was entered as attorney for defendant. That same day defendant filed an answer and counterclaim, a motion to vacate default and judgment, and an affidavit seeking a temporary injunction.

Judge C. B. Sande of the District Court of Yellowstone County, issued a temporary injunction and restraining order, which stopped the sale of defendant's real property on September 14, 1964.

Plaintiffs made an application and motion to dissolve the temporary restraining order on September 16, 1964. On September 18, 1964, Judge Sande modified the temporary restraining order by requiring the defendant to provide an appropriate bond. The defendant failed to post the bond within the time allowed, and the temporary restraining order was dissolved by order of October 1, 1964. This order allowed the plaintiffs to proceed with the sale of the real property as originally posted immediately. However, on October 12, 1964, Judge Sande made an order nunc pro tunc, correcting the order of October 1. It ordered that the "injunction previously entered was of no legal effect and the sheriff is hereby ordered to proceed with the sale of the property on October 13, 1964 * * * the sheriff shall not be required to post any additional notices of sale in this matter."

Judge E. E. Fenton, who originally had jurisdiction of the action, was disqualified by the defendant on September 25,

1964. Judge Sande then assumed jurisdiction of the entire matter.

The motion to vacate default and judgment was heard on December 21, 1964. An order denying the motion was entered by Judge Sande on August 3, 1965.

The defendant has made several specifications of error. As we understand the first specification of error, defendant contends that the complaint did not state a claim upon which relief can be granted. Defendant has devoted many pages of its brief in support of this contention. In these pages defendant has given many court definitions of "a cause of action" and "a claim upon which relief can be granted." From these definitions, defendant seems to draw the idea that the plaintiffs had to say "we had a *right* to the personal property, and defendant *wrongfully* refused to turn the property over to us." Defendant seems to feel that the words "right" and "wrongfully" must appear in the body of the complaint. We fail to see how the absence of these "magic words" causes the complaint to be bad. Restatement of the various paragraphs of the complaint would add nothing to this opinion but to extend its length. The complaint meets both of the requirements of Rule 8(a), M.R.Civ.P., in that it contains a short and plain statement of the claim entitling the plaintiffs to relief and a demand for judgment for the relief to which the plaintiffs deem themselves entitled.

Defendant's second specification of error questions the validity of the default judgment entered by the district court. Rule 55 (b) (2) deals with default judgments entered by the district court and provides in part: "If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least three days prior to the hearing on such application." Rule 6(a) deals with computation of time periods under the Rules and provides: "When the period of time pre-

scribed or allowed is less than 7 days, intermediate Saturdays, Sundays and holidays shall be excluded in the computation." Defendant contends, and this court agrees, that notice requirements of the Rules were not met by the plaintiffs.

This court is aware of the fact that failure to follow the three days' notice requirement of Rule 55 (b) (2) has been interpreted by some federal courts as sufficient reason to set aside the default judgment. In Meeker v. Rizley (C.A. 10th Cir., 1963), 324 F.2d 269, 271, the court stated: "We need not determine in this instance whether the default judgment entered is void or voidable, since the failure to give the required three-day notice constitutes cause for setting it aside." However, in United States v. Borchers (C.A. 2d Cir., 1947), 163 F.2d 347, 350, certiorari denied 332 U.S. 811, 68 S.Ct. 108, 92 L.Ed. 389, another court had this to say: "We hold that the orders of Judge Abruzzo should be affirmed because * * * (3) the error they [appellants] relied on of neglect to give them a three-days notice of application for judgment was at most only procedural and not jurisdictional, and is not shown to have been prejudicial to their rights * * *." For a more extensive review of the conflicting interpretations of Rule 55 (b) (2), see Annotation in 51 A.L.R.2d 837 and A.L.R.2d Later Case Service 5, p. 171.

The notice requirement of Rule 55 (b) (2) has not previously been interpreted by this court. At the outset, we must express our surprise at the manner in which plaintiffs proceeded in obtaining the default judgment on May 22, 1964. The record clearly shows that the defendant had been given sufficient time in which to answer the plaintiffs' complaint, and had been in default since October 19, 1963. However, plaintiffs chose to make application for the default on a Friday and have the judgment entered on the following Monday. However, the record shows that the defendant took no action for nearly three months after the default judgment had been entered. The failure to give the defendant the proper notice cannot be

said to have prejudiced it in this particular case. The defendant's disregard for observing the time limits established by the Rules of Civil Procedure is quite obvious. Defendant's zealous desire that the notice requirement of Rule 55 (b) (2) be strictly construed on this appeal is completely inconsistent with its own disrespect of the Rules under which the district courts of this state operate. This court does not approve the plaintiffs' failure to give the proper notice, but, upon the facts presented by the record before this court, we do not believe that the district court was in error for refusing to set aside the default judgment simply because the three days notice requirement was not met.

We wish again to state very clearly that this holding does not approve deviation from the notice requirement of Rule 55 (b) (2).

A further specification of error made by the defendant is that the district court abused its discretion in denying defendant's motion to vacate the default and judgment. Rule 55 (c) provides that the default judgment may be set aside in accordance with Rule 60(b), which reads in part: "* * * the court may relieve a party or his legal representative from a final judgment order, or proceeding for the following reasons: * * *

"(6) any other reason justifying relief from the operation of the judgment." Defendant contends that Rule 60(b) (6) gives the district court wide discretion in setting aside default judgments. This is quite true, but the record before this court does not reveal how the district court abused that discretion. This is not a case of a quick default judgment being entered against an unsuspecting and unaware defendant. Defendant was represented by legal counsel. Defendant and its legal counsel failed to force the case to trial by filing an answer. The record shows excessive delays of the defendant. The record does not disclose any justification for these delays. We

are unable to find any abuse of discretion by the district court in refusing to vacate the default and judgment.

Defendant challenges the sheriff's sale of October 13, 1964. Proper notice of the sale of certain of defendant's real property had been given, and the sale was to take place on September 14, 1964. Then, the defendant rushed in on September 11, 1964, to obtain a temporary restraining order. The district court granted the temporary restraining order but later added the reasonable requirement of posting adequate bond. Defendant failed to comply with this requirement and the restraining order was lifted. The district court ordered the sale without any further notice. Again defendant complains of failure to comply with notice requirements. It is interesting to note that for one so lax in compliance with the Rules of Civil Procedure and the orders of the district court, the defendant attempts to stretch every technicality to its utmost extremity. Section 93-5824, R.C.M.1947, spells out the notice requirements that must be met before real property can be sold on execution. These requirements were met. The statute does not say what additional notice requirements must be established if the sale is stopped by a restraining order of the district court. It appears to us that the district court ordering the restraining of the sale can determine if additional notice is required after the injunction is lifted, assuming of course that the initial notice requirements have been met.

Finally, defendant contends that the district court erred in allowing plaintiffs to recover attorney's fees. The record before this court shows that a motion to retax costs, relative to the attorney's fees, was on file at the time the motion to vacate the default and judgment was argued on December 21, 1964. There is no record of the district court's ruling on that motion. Therefore, we deem that the question of attorney's fees is not properly before this court, and we do not rule on the validity of awarding attorney's fees.

The order appealed from is affirmed.

MR. JUSTICES JOHN CONWAY HARRISON, DOYLE, ADAIR and CASTLES concur.