No. 84-503

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

_____

IN RE THE MARRIAGE OF

ADRIENNE M. NENEMAN,

        Petitioner, Counter-Respondent
        and Appellant,

   and

JOHN F. NENEMAN,

        Respondent, Counter-Petitioner
        and Respondent.

_____

APPEAL FROM: District Court of the Eighth Judicial District,
           In and for the County of Cascade,
           The Honorable Thomas McKittrick, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Hartelius & Ferguson; Channing J. Hartelius, Great
        Falls, Montana

    For Respondent:

        Lawrence Anderson, Great Falls, Montana

_____

Submitted on Briefs: April 18, 1985

Decided: July 25, 1985

Filed: JUL 1985

*Ethel M. Harrison*
_____
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The Cascade County District Court entered a default judgment in favor of the husband on August 31, 1984. The wife appeals. We reverse.

The issues on appeal are:

1. Should the District Court's entry of default judgment be set aside?

2. Was the motion to set aside the default judgment timely filed with the District Court?

3. Was the notice of appeal to this Court timely filed?

John and Adrienne Neneman were married in 1953. The Cascade County District Court entered a dissolution decree in August 1981, reserving the distribution of the marital estate for further proceedings. Trial on the distribution of property was set for September 11, 1984.

The wife's second attorney petitioned the court to withdraw and the wife attended the hearing on the petition. The court granted counsel permission to withdraw on July 23, 1984, fixed a September 11 hearing date and advised the wife to get a lawyer. The court stated:

> "[T]hat's a long time to have these cases pending. And I think what I would do, if I were in your position, I would start immediately to knock on doors and find yourself a lawyer. And you can tell that lawyer we do have a September 11th date and you have a lawyer by then.
>
> . . .
>
> "Okay. Just for the record, that date we have heretofore set is a firm date and I expect all parties to be ready to proceed on September 11." (emphasis added)

After the hearing but on that same day, opposing counsel hand delivered a notice to the wife requiring her to appoint another attorney. That notice stated:

> "TO: THE ABOVE-NAMED PETITIONER and COUNTER-RESPONDENT ADRIENNE M. NENEMAN

2

"PURSUANT TO THE PROVISIONS of M.C.A. §37-61-405, the Respondent and Counter-Petitioner herewith gives you notice to appoint other counsel in this cause or appear in person in this cause on or before August 6, 1984.

"DATED this 23 day of July, 1984."

The husband filed a motion for default judgment, and on August 14, 1984, the District Court granted the motion without a hearing. The court ordered the husband's counsel to prepare a judgment to be entered.

The husband's application for entry of default judgment stated in pertinent part:

"1. The . . . [wife's] counsel . . . was permitted to withdraw as counsel for Petitioner on July 23, 1984.

"2. On July 23, 1984, pursuant to the provisions of MCA §37-61-405, the Respondent and Counter-Petitioner [husband] gave the Petitioner and Counter-Respondent [wife] notice to appoint other counsel in this cause or appear in person in this cause on or before August 6, 1984.

"3. The . . . [wife] has failed to appoint counsel in this cause and has otherwise failed to appear in person in this cause on or before August 6, 1984 to advise the Court that she intended to proceed without counsel in this cause." (emphasis added)

No copy of this application was mailed to the wife, and no response was filed on her behalf. The court entered judgment based upon the husband's application.

The notice of entry of judgment was filed and mailed to the parties on August 31, 1984. Fourteen days later on September 14, the wife filed a motion to set aside the default judgment. A hearing was set for September 17 and then reset for October 11, 1984. At the request of the husband's counsel, the court ordered the hearing continued until November 26, 1984. The wife filed a notice of appeal to this Court on October 24, 1984.

3

# I

Should the District Court's entry of default judgment be set aside?

Section 37-61-405, MCA states in pertinent part:

> "When an attorney . . . ceases to act as such, a party to an action for whom he was acting as attorney must, before any further proceedings are had against him, be required by the adverse party, by written notice, to appoint another attorney or appear in person."

The purpose of this statute is to notify an unrepresented party that he or she will be expected to appear at the next scheduled hearing, either in person or represented by counsel. This Court has stated:

> "We do not believe actual notice must be personally served on the unrepresented party opponent. But we do hold the represented party must make a positive showing he has attempted to communicate adequate notice to the unrepresented party. If the represented party can show he made a good-faith effort to notify the unrepresented party and advise him he should substitute counsel or appear in person, and the notice also sets forth the date of the <u>next hearing or action in the matter pending,</u> then the represented party will be deemed to have satisfied the requisites of section 93-2104, R.C.M. 1947 [now § 37-61-405, MCA]." Audit Services v. Kraus Const., Inc. (Mont. 1980), 615 P.2d 183, 189, 37 St.Rep. 1225, 1232-33, quoting McPartlin v. Fransen (1978), 178 Mont. 178, 185, 582 P.2d 1255, 1259 (emphasis added).

Although the husband's notice to the wife to appoint counsel required her to appear on August 6, 1984, no hearing or action in the matter was scheduled to take place until trial on September 11, 1984. Opposing counsel's notice should have stated that the wife would be expected to appear on September 11, 1984 with or without counsel. Although the husband's petition for default judgment accurately stated that the wife had failed to appear in person or to appoint

4

counsel on or before August 6, 1984, that date had no significance.

Rule 55, M.R.Civ.P. governs default judgments. Rule 55(b)(2), M.R.Civ.P. sets out the criteria for notice and opportunity to be heard and states in pertinent part:

> ". . . If the party against whom default judgment is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application."

The husband asserts that the wife's failure to appear on August 6, 1984, negated her right to receive written notice of the application for default judgment. This Court has consistently held that Rule 55(b)(2), M.R.Civ.P. requires service of a written notice of the application for judgment by default upon the party against whom the judgment is sought _if_ _he_ _has_ _appeared_ _in_ _the_ _action_. "When the . . . [party against whom default judgment is sought] has appeared either in person or by counsel, additional duties then devolve upon the party entitled to the judgment." Peterson v. Montana Bank of Bozeman, N.A. (Mont. 1984), 687 P.2d 673, 677, 41 St.Rep. 1575, 1578.

The wife first appeared in this action when she filed the petition for dissolution of marriage in 1980. Since the wife has appeared, Rule 55(b)(2), M.R.Civ.P. requires 3 days written notice of the husband's motion for default judgment. The failure of the husband to serve the requisite notice renders the order of default judgment premature and voidable. See Sowerwine v. Sowerwine (1965), 145 Mont. 81, 85, 399 P.2d 233, 235.

Rule 55(c), M.R.Civ.P. allows the court for good cause shown to "set aside an entry of default and, if a judgment by default has been entered, . . . [to] set it aside in

5

accordance with Rule 60(b)." Rule 60(b), M.R.Civ.P. in pertinent part states:

> "On motion . . . the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (6) any other reason justifying relief from the operation of the judgment."

It is a close question whether the facts are sufficient to justify a finding of mistake, inadvertence or surprise under Rule 60(b)(1), M.R.Civ.P. We therefore limit our holding to Rule 60(b)(6), M.R.Civ.P.

Appellant argues that the entry of a voidable judgment should in itself be sufficient to justify relief from the default judgment. Although some cases conclude that a failure to give notice to the defaulting party justifies a vacation of the default judgment, the preferable view is that lack of notice may be treated as an additional or alternative ground for exercising discretion to set aside a default judgment.

> "The preferable view is that the lack of notice does not automatically entitle the defaulting party to relief, but is merely one consideration to be weighed by the court in exercising its discretion in determining a Rule 55(c) motion." 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2695, at 509 (2d ed. 1983).

We hold that lack of notice does not automatically entitle a party to relief, but is a consideration to be weighed by the court in exercising its discretion. This view is consistent with our holdings in Sikorski & Sons, Inc. v. Sikorski (1973), 162 Mont. 442, 512 P.2d 1147, and Williams v. Superior Homes, Inc. (1966), 148 Mont. 38, 417 P.2d 92.

The facts here show a request to set aside the default judgment within 14 days of entry. In addition, we have the setting of a firm trial date of September 11 with a direct

admonition by the judge to the party herself that she should have a lawyer by that date. Taking all of the facts into consideration, we conclude that the circumstances of this case justify setting aside the default judgment under Rule 60(b)(6), M.R.Civ.P.

## II

Was the motion to set aside the default judgment timely filed with the District Court?

Under Rule 60(b)(6), M.R.Civ.P., the wife's motion to set aside the default judgment must be made within a reasonable time. Notice of entry of default judgment was mailed on August 31, 1984. On September 14, 1984, the wife filed her motion to set aside the default judgment. Clearly this is within a reasonable time as contemplated in the rule. We conclude that the motion to set aside the default judgment was timely filed.

## III

Was the notice of appeal to this Court timely filed?

Under Rule 5, M.R.App.Civ.P., a party has 30 days to file a notice of appeal after a motion to set aside a default judgment is denied or after denial by operation of law.

As noted above, the motion to set aside the default judgment was filed on September 14, 1984, under Rules 55(c) & 60(b), M.R.Civ.P. Rule 60(c), M.R.Civ.P. provides that motions filed pursuant to Rule 60(b) "shall be heard and determined within the times provided by Rule 59 . . ."

Rule 59(d), M.R.Civ.P. requires that a hearing on the motion shall be had within 10 days after it has been served. Here the wife filed the motion on September 14 and the hearing was scheduled for September 17, well within the 10-day limit. Rule 59(d) also gives the court the power to continue the hearing for not to exceed 30 days. Here the court

7

initially continued the hearing from September 17 to October 11 which was within the 30-day limit. However, the court then continued the hearing beyond the 30-day limit to November 26. As a result, the wife's motion to vacate the default judgment was deemed denied on October 17, 1984. See Wallinder v. Lagerquist (Mont. 1982), 653 P.2d 840, 39 St.Rep. 2063. The wife filed her notice of appeal on October 24, 1984, well within the 30-day period under Rule 5, M.R.App.Civ.P. We invite attention to the changes made in Rule 59(d), M.R.Civ.P., which became effective October 9, 1984.

We conclude that the notice of appeal was timely filed. We set aside the order of default judgment and remand the cause to the District Court for further proceedings.

Justice

We concur:

Justices

8