No. 92-558

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

IN RE THE MARRIAGE OF

DAVID JOHN WHITING,

      Petitioner and Respondent,

  and

ROBIN RENE WHITING,

      Respondent and Appellant.

APPEAL FROM:   District Court of the Twentieth Judicial District,
In and for the County of Lake,
The Honorable C. B. McNeil, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

      John E. Smith, Attorney at Law, Missoula, Montana

      For Respondent:

      Keith W. McCurdy; McCurdy Law Firm, Polson, Montana

FILED

Filed: JUN 23 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  May 20, 1993

Decided:  June 23, 1993

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Robin Rene Whiting (Rene) appeals from a default decree of marital dissolution entered on August 21, 1992, by the Twentieth Judicial District Court, Lake County, the Honorable C. B. McNeil presiding. The decree divided the marital estate and awarded the parties joint custody with equal physical custody of their minor child. We reverse and remand.

Rene and David Whiting were married on April 18, 1988, in Coeur d'Alene, Idaho. David petitioned for legal separation in August 1989, and for marital dissolution in January 1990. Rene moved to dismiss for failure to state a claim in February 1990; this motion was denied for lack of a supporting brief. No further proceedings took place until David filed an amended petition for marital dissolution on July 23, 1992.

In the meantime the parties reconciled temporarily and had a daughter, Kalani, born September 10, 1991. At the time he filed his amended petition, David was working as a roofer and Rene was working as a janitor. The couple lived in Pablo, Montana. They had acquired three lots in different subdivisions and owned several vehicles.

In his amended petition for dissolution David requested sole custody of the child, with Rene to visit on alternate weekends and on Wednesday evenings. He requested all of the real property, in exchange for payment to Rene of half the net equity, or $16,630, in installments over a five-year period. He also asked for a hearing to show cause, having filed an affidavit stating that Rene had

2

physical custody and that he had been informed that she intended to take the child out of the state. A hearing was set for August 5, 1992, but was later vacated at the request of David's lawyer.

Copies of the amended petition and the order to show cause were served on Rene by a Lake County deputy sheriff on July 25, 1992. A copy of the petition was mailed to Rene's attorney of record, Greg Ingraham, who had prepared her motion to dismiss in response to David's original petition.

David and Rene then attempted to negotiate the terms of the dissolution directly. They agreed on a distribution of assets and debts but not on custody, visitation and child support. On August 11, 1992, David advised his lawyer that a negotiated settlement was not possible and asked him to proceed with the dissolution. On the following day his lawyer filed a "Notice of Intention to Proceed," which stated that David intended to proceed with the dissolution of his marriage and that Rene:

> must comply with the terms of the Summons heretofore served on her on July 25, 1992 or Judgment will be taken against her in accordance with the prayer of the Amended Petition for Dissolution of Marriage served on her on July 25, 1992.

Copies of this notice were mailed to Rene and to Greg Ingraham on August 11, 1992.

Upon receiving the Notice of Intention to Proceed on August 12, 1992, Ingraham wrote to David's lawyer, Keith McCurdy, saying that he was no longer representing Rene. McCurdy's office received the letter on August 17, 1992.

Rene received the notice on Monday, August 17, 1992. She

3

telephoned McCurdy on Tuesday, August 18, to find out what it meant. What McCurdy said is in dispute. Rene later stated that he told her she had "until Wednesday" (i.e., August 19) to respond to the amended petition. McCurdy said during oral argument that he had told Rene the matter was "going to court at ten o'clock in the morning and that if she wanted to contest it, she had to get an appearance filed by herself or by her attorney prior to that time." No notice of the hearing that took place on August 19, 1992, appears in the record.

David and Rene met by appointment on Tuesday, August 18, 1992, to discuss the dissolution. They failed to resolve their differences, and Rene told David that she intended to contact her lawyer. David did not tell Rene that he was scheduled to appear in court on the following morning, Wednesday, August 19. Believing that she had until 5:00 p.m. on Wednesday to file an answer to the amended petition, Rene consulted Ingraham that morning. He prepared the answer she filed late on Wednesday afternoon. By then, the court had issued a minute order, stating that Rene was "noticed" about the hearing but was not present and ordering default entered. The court found that the marriage was irretrievably broken and approved the child custody, child support, and property division as prayed for.

A decree of dissolution, prepared by McCurdy, was filed two days later, on August 21, 1992. It divided the parties' real and personal property, giving Rene a choice of their three parcels of real estate and providing for cash payments to equalize their

4

shares of the net equity. The decree awarded the parties joint custody of their child, with each party to have physical custody one week at a time, for alternating weeks. Finding that David's income was $14,000 annually and that Rene's income was $12,000 annually, the court awarded Rene child support in the amount of $100 per month and assigned each party equal responsibility for the child's uncovered medical expenses.

Substitution of counsel for Rene was filed on August 24, 1992. On August 26, 1992, her new lawyer, Shawn Rosscup, filed a motion to set aside the default decree of dissolution. The motion was based primarily on David's failure to provide notice of application for default judgment as required by Rule 55(b)(2), M.R.Civ.P. It also alleged misconduct by David, because he negotiated with Rene on August 18 without telling her that he intended to appear in court the following day, and because he testified during that appearance that the parties were in agreement concerning property division, custody, and child support, when in fact they had agreed only on a division of property, one that differed from the distribution ordered in the decree.

David's response to this motion asserted that he was not obligated by Rule 55(b)(2), M.R.Civ.P., to provide notice of his intention to apply for a default judgment, because Rene had not "appeared" by responding to the amended petition for dissolution. After hearing oral argument, without testimony, on September 17, 1992, the District Court denied Rene's motion to set aside the decree.

5

The dispositive issue on appeal is whether the District Court abused its discretion in refusing to set aside the default decree of dissolution. As we reverse on that issue alone, we need not address the child support and custody issues raised by Rene.

Rene argues that the District Court should not have entered a default decree of dissolution, or judgment, against her because she received no notice of the August 19, 1992 hearing. She concedes that notice of entry of default was not required, but argues that Rule 55(b)(2), M.R.Civ.P., requires three days notice before the default is made a judgment. The relevant portion of Rule 55(b)(2), M.R.Civ.P., follows:

> If the party against whom judgment by default is sought has appeared in the action, the party . . . shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.

At the hearing on Rene's motion to set aside the decree, the District Court ruled that Rene was not entitled to notice because she had not filed an answer to David's amended petition. David adopts this proposition in his brief, arguing also that his Notice of Intention to Proceed was served on Rene by mail on August 11, 1992, eight days prior to entry of default, and that she therefore had ample time to answer his amended petition.

We hold that the District Court erred in ruling that Rene had not appeared in the action. Rene appeared when her then counsel, Greg Ingraham, filed a motion to dismiss David's original petition for marital dissolution, on February 14, 1990. See In re Marriage of Neneman (1985), 217 Mont. 155, 703 P.2d 164, in which we held

6

that the wife's failure to appoint counsel or otherwise appear in response to the husband's request that she do so by a certain date did not constitute failure to appear in the action, and that she therefore was entitled to notice under Rule 55(b)(2), M.R.Civ.P.

Here, David's "Notice of Intention to Proceed" does not constitute the notice required by Rule 55(b)(2), M.R.Civ.P. While it warned Rene that judgment would be taken against her, it said nothing about any proceedings in court and did not indicate the date, time and place of such proceedings. Nor does it fulfill the notice requirement of § 37-61-405, MCA, which provides in pertinent part that:

> When an attorney . . . ceases to act as such, a party to an action for whom he was acting as attorney must, before any further proceedings are had against him, be required by the adverse party, by written notice, to appoint another attorney or appear in person.

We have interpreted this statute to mean that unless the prescribed notice has been given, no proceedings may be had against an unrepresented party, and no judgment may be taken. Montana Bank of Roundup v. Benson (1986), 220 Mont. 410, 717 P.2d 6, quoting Endresse v. Van Vleet (1946), 118 Mont. 533, 169 P.2d 719. We have said also that the notice must set forth the date of the next hearing or action in the matter pending. Neneman, 703 P.2d at 166, quoting McPartlin v. Fransen (1978), 178 Mont. 178, 185, 582 P.2d 1255, 1259.

Here, the record shows that David's lawyer knew or should have known by August 17, 1992, that Rene was not represented by counsel. As we hold that the "Notice of Intent to Proceed" that McCurdy

7

mailed to Rene on August 11 did not constitute notice that David would apply for default judgment on August 19, 1992, we conclude that the default judgment entered against Rene was premature and voidable. See Neneman, 703 P.2d at 167.

Entry of default, as opposed to a default judgment, may be set aside for good cause shown. Rule 55(c), M.R.Civ.P.; Cribb v. Matlock Communications, Inc. (1989), 236 Mont. 27, 30, 768 P.2d 337, 339. Rene should have been given notice of the impending default in time to prepare a defense that would meet the "good cause" standard defined in Cribb, that is, by showing that her failure to respond was not willful; that David would not be prejudiced if the default were set aside; and that she had a meritorious defense. Cribb, 768 P.2d at 339.

We conclude that Rene would have met the "good cause" standard for setting aside entry of default if she had been properly notified and given an opportunity to move to set aside the default. Her default was not willful, because she had tried to resolve dissolution issues with David for weeks preceding the default, and because she tried to meet what she understood to be the deadline for answering the amended petition. Moreover, her objections to equal physical custody constitute a meritorious defense. Finally, David has not shown that he would have been prejudiced by setting aside the default. See Hoyt v. Eklund (1991), 249 Mont. 307, 815 P.2d 1140 (district court should have vacated default because defendant's attorney had not been notified that plaintiff had begun an action against his client).

8

As Rene had no opportunity to resist the entry of default, however, she must meet the more exacting Rule 60(b) standard imposed by Rule 55(c), M.R.Civ.P., for setting aside a default judgment. Cribb, 768 P.2d at 339. She argues that she has met this standard and that the judgment should be vacated under Rule 60(b)(1), M.R.Civ.P., because her failure to file a timely response to the amended petition was due to excusable neglect, and under Rule 60(b)(3), M.R.Civ.P., because David misrepresented to the court their agreed property settlement, as well as the extent of their agreement on child custody and visitation.

We agree that Rene's failure to respond to the petition was due to excusable neglect, especially in view of her lack of representation. See Little Horn State Bank v. Real Bird (1979), 183 Mont. 208, 598 P.2d 1109, in which we reversed the district court's refusal to set aside a default judgment despite evidence that the defendant had relied on assurances that she would have time to negotiate a settlement before action was taken against her. As excusable neglect alone justifies relief from judgment under Rule 60(b)(1), M.R.Civ.P., we do not address Rene's Rule 60(b)(3) argument.

In reviewing a default judgment, we are guided by the principle that every litigated case should be decided on its merits; judgments by default are not favored. Lords v. Newman (1984), 212 Mont. 359, 688 P.2d 290. When appeal is from a denial of a motion to set aside a default judgment, our standard of review is that only slight abuse of discretion need be shown to warrant

9

reversal. Lords, 688 P.2d at 293; Blume v. Metropolitan Life Insurance Co. (1990), 242 Mont. 465, 791 P.2d 784.

Moreover, we have consistently held that any doubt as to the late filing of an answer should be resolved by trial on the merits. Cure v. Southwick (1960), 137 Mont. 1, 349 P.2d 575 (affirming a district court order that vacated a default decree of divorce); Duffey v. Duffey (1981), 193 Mont. 241, 631 P.2d 697 (affirming a district court's decision to extend a parent's deadline for filing proposed findings and conclusions in an action to modify custody, child support and visitation, over the other parent's objections; we noted that "custody cases present a compelling reason for a hearing on the merits").

In keeping with these precedents, we conclude that the District Court abused its discretion in denying Rene's motion to set aside the default decree of dissolution. We vacate the default decree and remand the case to the District Court for further proceedings in accord with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

10

June 23, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

John E. Smith
Attorney at Law
222 East Pine
Missoula, MT  59802

Keith W. McCurdy
McCurdy Law Firm
P. O. Box 1172
Polson, MT  59860

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _M. Tudor_
    Deputy