No. 93-374

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

HAMILTON G. KENNER, and
ERNO, INC.,

      Plaintiffs and Appellants,

v.

LARRY W. MORAN, Trustee,

      Defendant and Respondent.

APPEAL FROM:   District Court of the Fifth Judicial District,
In and for the County of Madison,
The Honorable Frank M. Davis, Judge presiding.

COUNSEL OF RECORD:

      For Appellants:

            Hamilton G. Kenner, Pro Se,
Cameron, Montana

      For Respondent:

            Michael P. Sand, Sand Law Office,
Bozeman, Montana

FILED

Filed: FEB 11 1994

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: November 23, 1993

Decided: February 11, 1994

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Hamilton G. Kenner filed a complaint in the District Court for the Fifth Judicial District in Madison County to set aside a default judgment entered against him in a quiet title action initiated by Larry W. Moran against Kenner and others. At the time of the hearing on Kenner's complaint to set aside the default judgment, Moran filed a counterclaim in which he sought specific performance of the parties' contract for deed. The court denied Kenner's request to set aside the default judgment and granted summary judgment in favor of Moran on the counterclaim. Kenner appeals the orders and judgment of the District Court.

We reverse.

The issues on appeal are restated as follows:

1. Did the District Court abuse its discretion when it refused to set aside the default judgment based upon its finding that Kenner had received adequate notice prior to entry of the decree?

2. Did the District Court err when it granted summary judgment in Moran's favor and ordered specific performance of the contract for deed?

In 1980, trustee Larry W. Moran, as seller, entered into a contract for deed with Hamilton G. Kenner and Central States Investment Company (CSI) for the sale and purchase of 1938 acres of real property located south of Ennis, adjacent to the Madison River. After Kenner and CSI failed to make the November 1, 1984, annual payment, Moran and Kenner negotiated a modification

agreement which permitted Kenner to cure the default and changed the annual due date.

In June 1985, Kenner requested a release of 280 acres of river-front property in consideration for payments already made on the contract. Based on Kenner's alleged representations that all property taxes and BLM lease payments were current on these parcels, and that all future contract payments would be timely, Moran quitclaimed this property to Kenner on July 2, 1985. Moran alleges that Kenner defaulted on those contract payments and has remained in default since that time.

On September 2, 1986, Moran filed a complaint to quiet title to all the property subject to the purchase agreement, including the parcels which had been quitclaimed to Kenner. He alleged he had been induced to quitclaim that parcel based on Kenner's misrepresentation that the taxes and lease payments were current. In addition to Kenner and CSI, eight other persons or entities who claimed an interest in the property were named as defendants.

On December 8, 1986, and January 23, 1987, Kenner appeared in the quiet title action by filing motions to dismiss. These motions were denied on May 5, 1987, because no supporting briefs were filed, and Kenner was given 20 days in which to further plead.

On June 15, 1987, Moran wrote to Kenner's attorney, Larry Jent, proposing an agreement which would allow Kenner to reinstate the contract by bringing all payments up to date, and offering a settlement of the quiet title litigation. On July 13, 1987, Jent

3

notified Moran that Kenner would accept the terms of the settlement proposal if Moran would quiet title against the other defendants.

A quiet title decree was entered against all defendants except Kenner on August 4, 1987. Moran then informed Jent that he was prepared to proceed with the settlement agreement. However, he received no response. On several occasions thereafter, Moran notified Jent that the quiet title action would proceed against Kenner if the terms of the settlement agreement were not fulfilled as agreed upon by Kenner and if no response was received. Moran received no response to these communications.

On February 9, 1990, Moran moved the clerk of court for entry of default against Kenner due to his "failure to plead or otherwise defend" in the quiet title action for nearly three years. On that same date, he moved the court to enter a judgment against Kenner on the basis that the time to answer the summons and complaint had expired and Kenner had "not answered or plead herein." However, Moran did not first notify Jent or Kenner of his intention to apply for the default or the default judgment.

The clerk entered Kenner's default on February 9, and the court entered a default judgment on February 20, 1990, in which Moran's title to the entire parcel under the contract for deed, including the parcels quitclaimed to Kenner, was quieted. However, no notice of entry of judgment was served on Kenner or Jent.

In July 1991, Kenner attempted to sell one of the quitclaimed properties. He discovered that a judgment had been entered against him when a title insurance company refused to issue a policy.

4

On September 23, 1992, Kenner and ERNO, Inc., the successor in interest to the disputed properties, filed an independent action pursuant to Rule 60(b), M.R.Civ.P., to set aside the default judgment on two grounds. Kenner alleged that he had neither been notified of the application for a default judgment, nor of the entry of judgment, and furthermore, that the decree had been obtained on the basis of fraud upon the court.

Kenner moved for summary judgment and a hearing was held on February 9, 1993. At the time of the hearing, Kenner was served with a counterclaim by Moran seeking specific performance of the contract for deed. Moran's attorney then requested the court to enter summary judgment on the counterclaim in favor of Moran. He acknowledged that no motion for summary judgment had been filed, but asserted that no motion was required because Kenner had already sought judgment in his favor. After the hearing, Kenner filed an answer to the counterclaim in which he set forth six affirmative defenses.

The court issued its findings and order on May 7, 1993. The court found that Kenner had made two appearances in the quiet title action by virtue of his motions to dismiss. Therefore, pursuant to § 25-3-401, MCA, Kenner or his attorney were entitled to notice of all subsequent proceedings "of which notice is required to be given." The court found that notice had not been provided as required under Rule 55(b)(2), M.R.Civ.P. However, the court noted that a default judgment entered without notice is voidable and the lack of notice should be considered in light of surrounding

5

circumstances. The court found that Kenner had been "clearly and consistently forewarned that Moran intended to proceed with his quiet title action against Kenner soon." Moreover, the court found no "good cause" to set aside the decree because Kenner offered no excuse for his failure to answer and was not an "unsuspecting and unaware" defendant. Therefore, the court concluded that the lack of notice did not require setting aside the decree because Kenner had "adequate actual personal notice prior to the entry of default."

The court further concluded that there had been no commission of extrinsic fraud or fraud upon the court to justify setting aside the decree.

In its judgment entered on May 24, 1993, the court denied Kenner's motion for summary judgment and refused to set aside the quiet title decree entered by default. It granted summary judgment on Moran's counterclaim, and ordered Kenner to specifically perform the settlement agreement entered into with Moran on July 13, 1987. From this judgment, Kenner appeals.

ISSUE 1

Did the District Court abuse its discretion when it refused to set aside the default judgment based upon its finding that Kenner had received adequate notice prior to entry of the decree?

Rule 55(c), M.R.Civ.P., allows for the setting aside of an entry of default when there is good cause and "if a judgment by default has been entered, [the court] may likewise set it aside in accordance with Rule 60(b)."

6

Rule 60(b), M.R.Civ.P., sets forth reasons entitling a party to relief from a final judgment or order when a timely objection is made. In addition, the rule contains the following residual clause:

> This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, <u>or to grant relief to a defendant not actually personally notified as may be required by law</u>, or to set aside a judgment for fraud upon the court. [Emphasis added].

Kenner's action to set aside the default judgment was filed pursuant to this residual clause. Although Kenner asserts that grounds exist to set aside the judgment on the basis of extrinsic fraud and fraud upon the court, Kenner's primary contention is that he is entitled to relief because he was not personally served with notice as required by law.

Kenner directs this Court's attention to Rule 55(b)(2), M.R.Civ.P., which provides that:

> If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.

It is undisputed that Kenner "appeared" in the quiet title action when he filed motions to dismiss, and that Moran did not serve written notice of the application for default judgment on Kenner or his attorney prior to the hearing on Moran's application. On this basis, Kenner contends that he is entitled to have the

judgment set aside because he was not "actually personally notified" as required by law.

In support of this contention, Kenner relies on our holding in *Big Spring v. Blackfeet Tribe* (1978), 175 Mont. 258, 573 P.2d 655, where we made clear that if a party appears by filing a motion, he is entitled to notice of all subsequent proceedings. Kenner asserts that it was an abuse of discretion for the court to deny his summary judgment motion when the facts clearly demonstrate that he was entitled to written notice of the application for a default judgment.

Where a trial court fails to grant a motion to set aside a default judgment, the finding of even a slight abuse of discretion is sufficient to justify reversal of such an order. *In re Marriage of McDonald* (1993), 863 P.2d 401, 50 St. Rep. 1411; *Empire Lath v. American Casualty* (1993), 256 Mont. 413, 847 P.2d 276.

This Court has stated on several occasions that the failure to provide notice to the defaulting party as required under Rule 55(b)(2), M.R.Civ.P., renders a default judgment premature and voidable. *Marriage of Neneman* (1985), 217 Mont. 155, 159, 703 P.2d 164, 167.

In this instance, the District Court conceded that Kenner had appeared in the quiet title action and was entitled to actual written notice as required under Rule 55(b)(2), M.R.Civ.P. However, it concluded that Moran had communicated to Kenner and his

8

attorney "adequate personal notice" of his intent to pursue the litigation, and therefore, failure to comply with the notice requirements did not require setting aside the decree.

After reviewing the record and considering the surrounding circumstances, we conclude that Moran's informal threats to proceed with his case were not the equivalent of notice that he would apply for a default judgment and notice of a date on which Kenner could appear and object to the entry of a judgment by default. This failure to notify of the application for default was compounded by Moran's failure to notify Kenner pursuant to Rule 77(d), M.R.Civ.P., that judgment had in fact been entered. On that basis, this case is distinguishable from our prior decisions in *Williams v. Superior Homes, Inc.* (1966), 148 Mont. 38, 417 P.2d 92, and *Sikorski & Sons v. Sikorski* (1973), 162 Mont. 442, 512 P.2d 1147, where we declined to set aside default judgments for lack of notice. In this instance, we conclude that the court abused its discretion when it refused to set aside the decree.

We do not condone Kenner's own disregard for the procedural rules that he was required to follow in the quiet title action. However, Rule 55(b)(2), M.R.Civ.P., presumes that the defaulting party has not complied with the rules in some respect and still requires that notice be given to that party. Moran's noncompliance with our rules cannot be justified on the basis of Kenner's earlier noncompliance with those rules.

9

Taking all of the facts into consideration, we conclude that the circumstances of this case justify setting aside the default judgment.

## ISSUE 2

Did the District Court err when it granted summary judgment in Moran's favor and ordered specific performance of the contract for deed?

This Court reviews an order of summary judgment by utilizing the same criteria used by a District Court initially under Rule 56, M.R.Civ.P. *Minnie v. City of Roundup* (1993), 257 Mont. 429, 849 P.2d 212. Summary judgment is proper when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Minnie*, 849 P.2d at 214.

At the time of the hearing on Kenner's summary judgment motion to set aside the decree, Moran filed a counterclaim seeking specific performance of the settlement agreement that had been entered into after default was taken against the other defendants. Although no summary judgment motion was made on the counterclaim in accordance with Rule 56, M.R.Civ.P., the court, in its order, granted summary judgment in favor of Moran on the counterclaim. Moran contends that no separate motion was required and that the court had authority to render summary judgment on the counterclaim based on this Court's decision in *Canal Insurance Company v. Bunday* (1991), 249 Mont. 100, 813 P.2d 974.

10

In *Canal*, 813 P.2d at 979, we held that this Court could reverse a district court's order granting summary judgment and order it to enter summary judgment in favor of the other party when there are no issues of material fact and <u>all of the facts bearing on the issues</u> are before the court. In such a situation, a court could determine that the undisputed facts entitle the non-moving party to summary judgment.

The situation presented here, however, is not comparable to *Canal*. Here, Kenner moved for summary judgment based on his complaint to set aside the default judgment. Moran filed a counterclaim seeking specific performance of a settlement agreement. The court heard testimony to determine whether there were grounds to set aside the judgment. The evidence did not relate to whether the settlement agreement was enforceable or whether Moran was entitled to equitable relief in the form of specific performance. The facts and issues pertinent to the counterclaim are not the same as those pertinent to the issue of setting aside the default judgment. The transcript reveals that Kenner did not offer testimony on the issues germane to Moran's counterclaim and the court did not address the affirmative defenses raised by Kenner after the hearing.

Under Rule 56(a), M.R.Civ.P., a claimant is allowed to move for summary judgment twenty days after the action is commenced. Rule 56(c), M.R.Civ.P., requires service of written notice upon the adverse party ten days before the time fixed for hearing on the

11

motion. These procedural safeguards insure that an adverse party is given a full and fair opportunity to resist a summary judgment motion and demonstrate the presence of justiciable issues of fact.

We conclude that the facts bearing on issues raised in the counterclaim were not before the court and that Kenner was not given the proper opportunity to offer evidence in opposition to Moran's request for summary judgment. Therefore, we hold that the court erred when it granted summary judgment on the counterclaim in the absence of a motion complying with Rule 56, M.R.Civ.P.

The judgment of the District Court is reversed and vacated. The default judgment entered against Kenner in the quiet title action is set aside.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

February 11, 1994

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Hamilton G. Kenner, Esq.
607 Highway 98 East
Destin, FL 32541


Michael P. Sand, Esq.
Sand Law Office
1700 West Koch
Bozeman, MT 59715


ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy