FILED

05/26/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0473

DA 25-0473

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 112

JOHN BRADLEY and LISA BRADLEY,

      Plaintiffs and Appellants,

    v.

YELLOWSTONE TRAILS
RANCH OWNERS' ASSOCIATION,

      Defendant and Appellee.

APPEAL FROM:   District Court of the Sixth Judicial District,
                In and For the County of Park, Cause No. DV 34-2025-29
                Honorable Brenda Gilbert, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

           Stephen E. Woodruff, Huppert, Swindlehurst & Woodruff, P.C.,
           Livingston, Montana

      For Appellee:

           Frederick P. Landers, Zachary Stauffer, Axilon Law, Bozeman,
           Montana

Submitted on Briefs: April 8, 2026

Decided: May 26, 2026

Filed:

_____
                    Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1    John and Lisa Bradley purchased property in the Yellowstone Trails Ranch subdivision that contained an agricultural lot designation.  When the Bradleys proposed to remove this designation and develop the property for residential purposes, the Yellowstone Trails Ranch Owners' Association (YTROA or the Association) opposed their request. The Bradleys sued YTROA, seeking a judgment terminating the property's agricultural designation.  Though the court ordered default judgment for the Bradleys after YTROA failed to respond to the complaint, it later set aside the judgment on YTROA's motion. The sole issue on appeal is whether the District Court manifestly abused its discretion in granting the Association's motion to set aside the default judgment.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2    The Yellowstone Trails Ranch subdivision in Park County, Montana, is a luxury residential subdivision comprising thirty-nine lots, designated equestrian riding areas, open-space areas, and a common area along the Yellowstone River.  YTROA administers the subdivision and enforces its covenants.  John and Lisa Bradley purchased two parcels of land in the subdivision in 2018.  Parcel one is approximately seven acres and is legally described as "Ag Lot (Tract 38) of Yellowstone Trails Ranch Subdivision, Subdivision Plat No. 467, on file and of record in the office of the County Clerk and Recorder of Park County, Montana."  Tract 38 is the only lot in the subdivision designated as agricultural.

¶3    In 2022, the Bradleys approached YTROA to discuss changing Tract 38's designation from agricultural to residential.  YTROA opposed this change, claiming that

2

the developers intended the lot to be used only for agricultural purposes and that other residents were concerned that permitting development of Tract 38 would negatively impact the subdivision's viewshed and open space values. The Conditions of Subdivision Approval (COSA) filed with the Montana Department of Environmental Quality state that "Lot 38 [is] shown on the plat . . . as having an agricultural exemption which makes that single lot exempt from subdivision review." The Park County COSA provides that livestock are permitted only on the agricultural lot and on lots over twenty acres. The COSAs do not otherwise discuss the designation, and the Declaration of Covenants, Conditions, and Restrictions (CCRs) for the subdivision does not provide an explanation for this designation or place additional restrictions on the lot.

¶4 The parties attempted without success to resolve their dispute informally. The Bradleys filed a declaratory judgment action against YTROA in the Sixth Judicial District Court in February 2025. They prayed for judgment terminating Tract 38's agricultural lot designation and declaring that they had a right to develop the property for residential and recreational purposes.

¶5 Curtis Anderson—a Georgia attorney and one of YTROA's board members— emailed Stephen Woodruff, the Bradleys' attorney, a few days after the Bradleys filed suit. Anderson learned that a process server was looking for a YTROA officer. Anderson informed Woodruff that YTROA would waive and acknowledge service of the Bradleys' complaint. Woodruff prepared an acknowledgment of service for YTROA that contained the following language:

3

> Defendant above-named, by and through its undersigned President, . . . acknowledges service of a copy of the Complaint filed in this matter on the 21st of February, 2025, and the Summons issued therewith. Defendant hereby enters its voluntary appearance in this action, and consents to the jurisdiction of the Court. Defendant acknowledges service of said Complaint and Summons, and hereby agrees to waive personal service of said Complaint and Summons.

Jeff Collins, YTROA's President, signed and returned the acknowledgment, and Woodruff filed it with the District Court on March 4, 2025. Collins informed Woodruff that he would engage counsel to defend YTROA in the litigation.

¶6 YTROA did not answer the Bradleys' complaint within twenty-one days of service as required by the Montana Rules of Civil Procedure. On March 26, 2025, the Bradleys requested that the clerk of court enter YTROA's default for its failure to timely answer their complaint. The clerk entered default that same day.

¶7 On March 31, 2025, the Bradleys applied to the District Court for a default judgment under M. R. Civ. P. 55(b) and served their motion on YTROA. The next morning, Collins filed a pro se request on behalf of YTROA, seeking an extension of time to respond to the Bradleys' complaint. Collins explained that YTROA had yet to secure legal representation. Without acknowledging Collins's request, the District Court granted the Bradleys' motion and ordered default judgment against YTROA later that day.

¶8 YTROA retained counsel in early April and moved to set aside the court's default judgment, arguing that it was entitled to relief under M. R. Civ. P. 60(b)(1) or, in the alternative, under M. R. Civ. P. 60(b)(1), (4), or (6) because it did not receive sufficient notice of the Bradleys' motion for default judgment. The Bradleys opposed YTROA's

4

motion and responded that YTROA could not meet its burden of proving that it was entitled to relief. The District Court ruled that YTROA was entitled to relief under M. R. Civ. P. 60(b)(1) and set aside the default judgment.

## STANDARDS OF REVIEW

¶9 An order setting aside a default judgment is an appealable order. M. R. App. P. 6(3)(a). We will reverse a district court's ruling setting aside a default judgment only if the court manifestly abused its discretion. *Bartell v. Zabawa*, 2009 MT 204, ¶ 10, 351 Mont. 211, 214 P.3d 735. "A manifest abuse of discretion is one that is obvious, evident, [or] unmistakable." *Bartell*, ¶ 10 (internal quotations omitted) (citing *St. James Healthcare v. Cole*, 2008 MT 44, ¶ 21, 341 Mont. 368, 178 P.3d 696). We review a district court's interpretation and application of procedural rules de novo. *Tucker v. Tucker*, 2014 MT 115, ¶ 16, 375 Mont. 24, 326 P.3d 413.

## DISCUSSION

¶10 The clerk of court enters default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." M. R. Civ. P. 55(a). The clerk's entry of default is an interlocutory order, *Hoff v. Lake Cnty. Abstract & Title Co.*, 2011 MT 118, ¶ 32, 360 Mont. 461, 255 P.3d 137, that may be set aside for good cause shown, M. R. Civ. P. 55(c). Once the clerk enters default, the non-defaulting party may apply to the court for a default judgment. M. R. Civ. P. 55(b)(2). If the non-movant "has appeared personally or by a representative, that party or its representative must be served with written notice of the

application [for default judgment] at least 7 days before the hearing." M. R. Civ. P. 55(b)(2). A default judgment is a final judgment that may be set aside only if the defaulting party qualifies for relief under M. R. Civ. P. 60(b). M. R. Civ. P. 55(c).

¶11 M. R. Civ. P. 60(b) authorizes relief from final judgments for the following relevant reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (4) the judgment is void; . . . or (6) any other reason that justifies relief." We apply a "conjunctive, four-part test" to assess whether the court properly set aside a default judgment under Rule 60(b)(1). *Whitefish Credit Union v. Sherman*, 2012 MT 267, ¶ 17, 367 Mont. 103, 289 P.3d 174. The movant must show (1) that they proceeded with diligence; (2) that their neglect was excusable; (3) that they had a meritorious defense to the claim; and (4) that they would be injured if the court permitted the judgment to stand. *Frye v. Roseburg Forest Prods. Co.*, 2020 MT 10, ¶ 9, 398 Mont. 347, 456 P.3d 573. Because "every litigated case should be tried on the merits," courts disfavor default judgments. *Essex Ins. Co. v. Moose's Saloon, Inc.*, 2007 MT 202, ¶ 17, 338 Mont. 423, 166 P.3d 451 (citation omitted).

¶12 YTROA moved to set aside the default judgment under M. R. Civ. P. 60(b)(1), claiming that (1) it proceeded with diligence because it promptly moved to set aside the judgment; (2) its neglect was excusable because it did not have legal representation and believed that it was not under a strict deadline to answer the complaint; (3) the CCRs prevent residential development on Tract 38; and (4) that terminating Tract 38's agricultural designation would injure YTROA and its members by weakening the CCRs and prompting additional litigation. In the alternative, YTROA claimed the judgment

6

should be set aside because it received insufficient notice of the Bradleys' motion for default judgment and therefore was deprived of an opportunity to oppose their motion. It reasoned that "these procedural defects render the Default Judgment void or voidable under Rule 60(b)(4). They are also additional grounds for finding excusable neglect under Rule 60(b)(1), and 'other' grounds for relief under Rule 60(b)(6)."

¶13 The District Court considered the four-part *Frye* test and ruled that, "after considering all the factors together," YTROA was entitled to relief under Rule 60(b)(1). The court found that YTROA met its burden of proving due diligence, a meritorious defense, and potential injury. The court's analysis was less clear, however, regarding excusable neglect. The court considered YTROA's justifications for its delay when responding to the Bradleys' complaint and remarked that YTROA failed to present "an ironclad reason for why it did not file an Answer." The court rejected YTROA's alternative argument that it received insufficient notice of the Bradleys' motion, stating that "[t]he right to notice is triggered by an appearance of a party in the record," not by "the fact of being served."

¶14 The Bradleys argue on appeal that because the District Court did not clearly find that YTROA's neglect was excusable, it erroneously granted YTROA's Rule 60(b)(1) motion, as all four factors enunciated in *Frye* must be satisfied. The parties dispute whether sufficient evidence exists in the record to support a finding of excusable neglect. YTROA also maintains its alternative argument that the default judgment should be set aside because M. R. Civ. P. 55(b)(2) required notice and an opportunity to respond to the

Bradleys' motion, and the court failed to observe this procedural safeguard. Because we find this alternative ground dispositive, we do not address the District Court's analysis of the *Frye* factors.

¶15     M. R. Civ. P. 55(b)(2) entitles litigants who have appeared to seven days' notice of a party's motion for default judgment. *See also Peterson v. Mont. Bank, N.A.*, 212 Mont. 37, 43, 687 P.2d 673, 676 (1984) ("When the defendant has appeared either in person or by counsel, additional duties then devolve upon the party entitled to the judgment."). M. R. Civ. P. 55(b)(2) is analogous to its federal counterpart. *See* Fed. R. Civ. P. 55(b)(2); *Peterson*, 212 Mont. at 44, 687 P.2d at 677. The purpose of this notice requirement is to protect litigants "who, although delaying in a formal sense by failing to file pleadings within the twenty-day period, have otherwise indicated to the moving party a clear purpose to defend the suit." 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2687 (4th ed. 2016) (citing *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)). Failure to provide Rule 55(b)(2)'s required notice "renders a default judgment premature and voidable." *Kenner v. Moran*, 263 Mont. 368, 374, 868 P.2d 620, 623 (1994) (citing *In re Marriage of Neneman*, 217 Mont. 155, 159, 703 P.2d 164, 167 (1985)).

¶16     A defendant appears "when the defendant answers, files a motion, or gives the plaintiff written notice of appearance or when an attorney gives notice of appearance for the defendant . . . ." Section 25-3-401, MCA. Once a defendant appears, the defendant or their attorney is entitled to notice "of all subsequent proceedings" that require notice.

8

Section 25-3-401, MCA. YTROA's acknowledgment of service form contained the following language: "Defendant *hereby enters its voluntary appearance* in this action, and consents to the jurisdiction of the Court." (Emphasis added.) This provision is notably absent from Form 18-B—Montana's official acknowledgment of service form located in the Appendix to the Rules of Civil Procedure. Bradleys' counsel specifically included language by which YTROA gave notice of its appearance in the matter. Because of this unique language, YTROA's acknowledgment of service provided the Bradleys written notice of YTROA's intent to appear and defend the suit and, under § 25-3-401, MCA, constituted an appearance. YTROA therefore was entitled to notice of the Bradleys' motion for default judgment under M. R. Civ. P. 55(b)(2).

¶17 We next analyze whether YTROA received sufficient notice. Rule 55(b)(2) requires the moving party to serve written notice of its application for default judgment upon the party in default "at least 7 days before the hearing." We have applied that notice requirement even when a court does not schedule a hearing. *See, e.g., Kenner*, 263 Mont. at 374, 868 P.2d at 624 (applying Rule 55(b)(2)'s notice requirement even though the court did not hold a hearing on plaintiff's motion for default judgment). When Rule 55(b)(2) requires notice but no hearing is scheduled, courts must refrain from ruling on a party's motion for default judgment for seven days. *See Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984) ("[I]n civil cases, where a party fails to respond, after notice the court is ordinarily justified in entering a judgment against the defaulting party . . . ."); *Kenner*, 263

Mont. at 374, 868 P.2d at 623 (remarking that insufficient notice "renders a default judgment premature and voidable").

¶18 The Bradleys served YTROA with their motion for default judgment on March 31, 2025, thereby satisfying their notice obligation under Rule 55(b)(2). YTROA's Collins responded on the morning of April 1, seeking an extension of time and explaining that YTROA was actively seeking legal representation. The District Court, which may have been unaware of the pro se filing, entered default judgment for the Bradleys that same afternoon without acknowledging Collins's request or scheduling a hearing. The court ruled on the Bradleys' motion the day after they filed it. Although YTROA received notice of the Bradleys' motion, the court's prompt ruling rendered such notice meaningless and deprived YTROA of an opportunity to resist entry of default judgment. Because the District Court failed to wait seven days as required by Rule 55(b)(2) before ruling on the Bradleys' motion, its entry of default judgment was premature.

¶19 The Bradleys nevertheless argue that this was a harmless error that does not justify setting aside the default judgment. *See Tipp v. Skjelset*, 1998 MT 263, ¶ 16, 291 Mont. 288, 967 P.2d 787 ("A harmless error does not mandate that we reverse a district court judgment; an 'error must cause substantial prejudice' to warrant reversal." (citation omitted)). As noted, the clerk's entry of default may be set aside for good cause shown. M. R. Civ. P. 55(c). The "good cause" standard for setting aside the clerk's entry of default is more flexible and lenient than M. R. Civ. P. 60(b)'s standard for setting aside a default judgment. *Cribb v. Matlock Commc'ns*, 236 Mont. 27, 30, 768 P.2d 337, 339 (1989); *see*

10

*also Hoff*, ¶ 20 ("We apply the M. R. Civ. P. 55(c) good cause standard flexibly and leniently because an entry of default is an interlocutory order that does not determine rights or remedies all by itself."). YTROA learned that the clerk had entered its default when it was served with the Bradleys' motion for default judgment. Because YTROA's default was not yet a final judgment, YTROA could have requested the court to set the entry of default aside under M. R. Civ. P. 55(c)'s more lenient standard. The District Court, however, deprived YTROA of an opportunity to object under this standard when it prematurely turned YTROA's default into a final judgment. Because YTROA "had no opportunity to resist the entry of default," it was required to meet Rule 60(b)'s "more exacting" standard to set aside the final judgment. *In re Marriage of Whiting*, 259 Mont. 180, 185, 854 P.2d 343, 346 (1993). We therefore reject the Bradleys' argument that the court's premature entry of default judgment was a harmless error.

¶20 Failure to comply with Rule 55(b)(2)'s notice requirements renders a default judgment "premature and voidable." *In re Marriage of Neneman*, 217 Mont. at 159, 703 P.2d at 167. Though absence of notice may not always relieve a party from a default judgment, courts consider lack of notice in light of the surrounding circumstances when determining whether to set the judgment aside. *In re Marriage of Neneman*, 217 Mont. at 160, 703 P.2d at 167 (setting judgment aside under Rule 60(b) considering lack of notice, the set trial date, and the defaulting party's prompt response to the court's entry of judgment); *Kenner*, 263 Mont. at 374, 868 P.2d at 624. In the present case, the parties worked together to attempt resolution before the Bradleys ultimately filed suit. When

11

Collins learned of the lawsuit, he contacted Woodruff to advise that he would secure legal counsel to defend YTROA. YTROA claims that it promptly searched for an attorney without success. It was unrepresented between the time the Bradleys filed their complaint and the time the court entered judgment against it. The District Court granted the Bradleys' motion for default judgment the next day and without a hearing, depriving YTROA of an opportunity to object. Eight days after the court ordered default judgment, YTROA obtained counsel and moved to set aside the judgment. Considering YTROA's demonstrated intent to defend the lawsuit, its prompt response, and our policy in favor of litigating cases on the merits, *Essex Ins. Co.*, ¶ 17, we conclude that the District Court's failure to apply Rule 55(b)(2)'s notice protections justifies setting aside the default judgment.

¶21 We will affirm a district court's ruling on any ground presented in the record if it reached the right result. *Peeler v. Rocky Mountain Log Homes Can., Inc.*, 2018 MT 297, ¶ 28, 393 Mont. 396, 431 P.3d 911 (explaining that we may affirm a district court's ruling "for any reason supported by law and the record that does not expand the relief granted by the lower court"). The District Court rejected YTROA's argument that it received insufficient notice under M. R. Civ. P. 55(b)(2) but nevertheless granted its motion to set aside the judgment under Rule 60(b)(1). We need not reach the parties' arguments that the District Court misapplied Rule 60(b)(1)'s standards. Because the court's premature entry of default judgment, in combination with other relevant factors, justifies setting the

12

judgment aside, we conclude that the District Court reached the right conclusion. We therefore affirm its ruling granting YTROA's motion to set aside the default judgment.

## CONCLUSION

¶22 Because YTROA's acknowledgment of service provided that YTROA "enter[ed] its voluntary appearance in this action," we conclude that YTROA appeared in the proceedings, thereby triggering Rule 55(b)(2)'s seven-day notice requirement. The District Court's failure to observe this requirement rendered its entry of default judgment in favor of the Bradleys premature and voidable. Considering this procedural error and other relevant factors, we affirm the District Court's order setting aside the default judgment.

/S/ BETH BAKER

We Concur:

/S/ CORY J. SWANSON
/S/ KATHERINE M. BIDEGARAY
/S/ INGRID GUSTAFSON
/S/ JIM RICE

13